Linda THORP, Ancillary Administratrix of the Estate of Barbara Towe, Plaintiff,

v.

Frank L. PETROLA, M.D., Defendant.

Civ. A. No. 77–0042–W(H).

United States District Court, N. D. West Virginia, Wheeling Division.

Jan. 23, 1979.

Edward A. Zagula, Weirton, W.Va., for plaintiff.

John L. Allen, Bachmann, Hess, Bachmann & Garden, Wheeling, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Presently pending before the Court in this tort action invoking diversity jurisdiction is a motion made on behalf of the Plaintiff styled, "Motion to Reinstate James Towe as a Party Plaintiff."

Its purpose is to add James Towe, the widower of the decedent, as a party plaintiff so that he may assert his cause of action for recovery of certain medical expenses paid by him for treatment of the decedent's injuries, and for his loss of consortium. In the original action commenced in the Circuit Court of Hancock County, West Virginia, Towe was a party plaintiff as Executor of the Estate of Barbara Towe, but he asserted no claim for medical expenses or loss of consortium. Before the case was removed to this Court the state court dismissed Towe for his failure to comply with West Virginia statutory procedure regarding institution of civil actions by non-resident representatives of deceased persons' estates. *W.Va.Code*, 1931, § 55–7–6, as amended.

Now Plaintiff has moved this Court to allow an amendment, pursuant to *Rule* 15(c) of the Federal Rules of Civil Procedure, adding Towe as an additional plaintiff and then, if granted, to remand this case to the Circuit Court of Hancock County because complete diversity will be lacking. The Defendant and Towe are both residents of Ohio. The Defendant resists the motion.

The question is whether a party plaintiff may be added to the case when such action will deprive the Court of subject matter jurisdiction. The Plaintiff asserts that his motion is allowable under *Rule* 15(c), as that *Rule* does not preclude an amendment which incidentally or intentionally may deprive the Court of subject matter jurisdiction. The Defendant, on the other hand, asserts that the proper denomination of Towe's motion would be one for permissive joinder under *Rule* 20, and that *Rule* 20 does not permit the joinder of any party who would defeat the subject matter jurisdiction of the Court.

The authorities which have discussed the problem, see generally, 3 Moore's Federal Practice, § 15.01 *et seq.*; 3A Moore's Federal Practice, § 20.01, *et seq.*; Wright & Miller, *Federal Practice and Procedure*: *Civil* § 471, *et seq.*, offer no definitive answer. There are numerous cases cited in the above federal treatises, which have allowed the adding or dropping of parties plaintiff and defendant through a motion under *Rule* 15. See 3 Moore's Federal Practice, § 15.08[3], fn. 11; Wright & Miller, *Federal Practice & Procedure*: *Civil* § 1479. The vast majority of the cases reviewed, however, did not concern the adding or dropping of parties which would defeat the subject matter jurisdiction of the Court. See *e. g. Gibbs v. Titelman*, 369 F.Supp. 38 (E.D.Pa.1973) rev'd on other grounds, 502 F.2d 1107 (3rd Cir. 1974). In the few cases in which the granting of an amendment defeated the subject matter jurisdiction of the Court, each exhibited special circumstances. For

example, in the case of *Heatherton v. Playboy, Inc.*, 60 ·F.R.D 372 (C.D.Cal.1973) the Court allowed the plaintiff to amend her original complaint by adding certain resident defendants which defeated the court's diversity jurisdiction. However, the Plaintiff had sued as defendants "Does I through XX" and asserted in her original complaint that the identities of these defendants were unknown. When their identities became known later in the litigation, the Court allowed the amendment which defeated the subject matter jurisdiction of the Court. Likewise, in the case of *Adams v. Beland Realty Corporation*, 187 F.Supp. 680 (E.D.N.Y.1960), relied upon by Plaintiff, the Court allowed the plaintiff to amend his complaint in order to drop the corporate defendant and add as defendants the members of a partnership which had previously assumed all of the assets of the original corporate defendant. There the Court found that the corporate defendant had concealed from plaintiffs the knowledge that the corporation no longer existed.

■ After review of the authorities which have permitted the addition or deletion of parties through the vehicle of a *Rule* 15 motion, the Court is of the opinion that whenever such action will affect its subject matter jurisdiction, then *Rules* 19, 20 or 21 should control.[1] The rationale is based on the reading of the *Rules* themselves. *Rule* 15 speaks to amendment of pleadings generally, whereas *Rules* 19, 20 and 21 relate specifically to the adding or dropping of parties. See *Hirsch v. Green*, 382 F.Supp. 187 (D.Md.1974). *Rules* 19, 20 and 21, either in the text of the *Rule* or through judicial interpretation, address the problem of adding or dropping parties which defeat the subject matter jurisdiction of the Court. In *Rule* 19 it states:

"A person who is subject to service of process and whose joinder will not deprive the Court of jurisdiction over the subject matter of the action shall be joined as a party in the action if . . . ."

*Rules* 20 and 21 have been interpreted to include the requirement that added or dropped parties not defeat the subject matter jurisdiction of the Court. 3A Moore's Federal Practice, § 20.07[1] and § 21.04[2], see cases cited therein.

If the Court were to allow the adding or dropping of parties pursuant to a motion under *Rule* 15, which could deprive the Court of subject matter jurisdiction, the policy of *Rules* 19, 20 and 21 would be emasculated merely by ignoring it. A Plaintiff could then oust the Court of jurisdiction and deprive the removing defendant of his right to a federal forum by adding a nondiverse defendant at any time before trial. *Pacific Gas & Electric Company v. Fibreboard Products*, 116 F.Supp. 377 (N.D.Cal.1953).

■ In the *Fibreboard* case, the Plaintiff, a California corporation, had initiated its action in the state courts of California against the defendant, a Delaware corporation. The defendant removed the case to federal court. After removal but before the defendant had answered, the plaintiff moved to amend its complaint pursuant to *Rule* 15, by adding additional parties defendant who were residents of California, and thereby, attempted to defeat the diversity jurisdiction of the court. The court, relying on *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), held that the plaintiff's request to join additional defendants was governed by *Rule* 21 and not *Rule* 15, even though the plaintiff had sought to amend its complaint under *Rule* 15(a), which does not require leave of court. The Court ruled that the plaintiff could not add parties defendant who would defeat the subject matter jurisdiction of the Court. Thus, given the choice between *Rules* 15 and 21, the Court applied the provisions of *Rule* 21, which, like *Rules* 19 and 20, does not permit

---

1. The Court notes that the Plaintiff made the motion in issue after Defendant had answered the complaint. Accordingly, the Court expresses no opinion on the validity of amendments made by a Plaintiff prior to answer or other responsive pleading. Compare, Wright & Miller, *Federal Practice and Procedure*: *Civil* § 1479.

manipulation of parties to defeat jurisdiction. *McIntire v. Davis*, 246 F.Supp. 872 (S.D.Ohio 1965).

■ Therefore, the motion of the Plaintiff styled "Motion to Reinstate James Towe as a Party Plaintiff" is hereby DENIED without prejudice to other motions to amend in any manner consistent with this opinion, or to voluntary nonsuit pursuant to *Rule* 41(a)(2).

The Clerk is directed to send certified copies of this Order to all counsel of record.