**DESERT EMPIRE BANK, etc., Plaintiff-Appellant,**

v.

**INSURANCE CO. OF NORTH AMERICA, etc., et al., Defendant-Appellee.**

**No. 78–2491.**

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 1980.

Decided July 25, 1980.

---

David T. DiBiase, Los Angeles, Cal., for defendant-appellee.

Before PECK,[*] ANDERSON and NELSON, Circuit Judges.

JOHN W. PECK, Circuit Judge.

In October 1973, the Insurance Company of North America (INA) extended insurance coverage to the Desert Empire Bank (DEB) under "Banker's Blanket Bond No. S725542" and "Bank Employee Dishonesty Blanket Bond No. S796699." In general terms, these bonds provided coverage to DEB for any dishonest, fraudulent or criminal acts that were committed by any of the Bank's employees and that were discovered during the period of the bond coverage. INA renewed the bonds first on October 1, 1974, and again on October 1, 1975; then, on or about December 8, 1975, INA sent DEB a notice of cancellation. INA listed the effective date of cancellation of Bond No. S796699 as February 9, 1976, and the effective date of cancellation of Bond No. S725542 as February 13, 1976. Although DEB acknowledged receipt of INA's cancellation notice, DEB alleged that E. Ronald Schulte, an authorized agent of INA, had informed DEB on January 22, 1976, that he had submitted an application for blanket bond coverage to the St. Paul Fire and Marine Insurance Company[1] on DEB's behalf, and that INA had agreed to keep its bonds in effect until DEB had obtained coverage from another carrier.

The present action arose when DEB discovered in May of 1976 that it had suffered a loss of $2,678,216.46 through the dishonesty of its president. DEB sought to recover this loss from INA, based on the alleged representations that agent Schulte had

Richards, Watson, Dreyfuss & Gershon, Los Angeles, Cal., Floyd H. Schenk, Palm Springs, Cal., for plaintiff-appellant.

[*] The Honorable John W. Peck, Senior United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. E. Ronald Schulte was also an authorized agent of the St. Paul Fire and Marine Insurance Company on January 22, 1976.

made on January 22, 1976. According to its allegations, DEB believed, consistent with the representations of agent Schulte, that INA's bond coverage was still in effect when the loss in question was discovered in May of 1976. In response to DEB's claim, INA contended that both of its bonds had been effectively cancelled in February of 1976, and the company refused to honor DEB's claim. Shortly thereafter, DEB brought suit against INA in the Superior Court of Riverside County, California. DEB is a corporation that is organized under the laws of the State of California, and INA is a corporation that is organized under the laws of the State of Pennsylvania. Each has its principal place of business in its respective state of incorporation. INA petitioned the state court for removal of DEB's action to the federal district court, pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 (diversity of citizenship and amount in controversy in excess of $10,000), and the state court properly granted INA's petition.

Following removal of its action to the federal court, DEB sought to amend its complaint to include agent Schulte as a party defendant. In amendments filed March 15 and March 30, 1978, DEB charged agent Schulte alternatively with fraud and with intentional or negligent misrepresentation. At approximately this same time, INA petitioned the district court to grant summary judgment in its favor, on the ground that DEB's loss had not been discovered during the period of the bond coverage. On April 10, 1978, the district court granted DEB leave to amend its complaint to add agent Schulte as a party defendant. Immediately thereafter, the court granted summary judgment in favor of INA.

■ We conclude that the diversity jurisdiction of the district court was destroyed at the moment the court granted DEB leave to add Schulte as a party defendant.

This conclusion is based on the fact that defendant Schulte is a resident of the State of California, the same state in which plaintiff DEB is incorporated. Thus, the district court lacked the jurisdiction to enter summary judgment in favor of INA, and the present action should have been remanded to the state court for further proceedings therein.

■ In the context of this appeal, plaintiff's petition to amend its pleadings to add Schulte as a party defendant brings into consideration Rules 15 and 20 of the Federal Rules of Civil Procedure. Rule 15 provides that a party may amend its pleadings after a responsive pleading has been served, ". . . only by leave of the court or by written consent of the adverse party." The Rule further provides that such ". . . leave shall be freely given when justice so requires." In conjunction with Rule 15, Rule 20, Fed.R.Civ.Pro., allows the permissive joinder of parties, and in particular of party defendants, ". . . if there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions of occurrences and if any question of law or fact common to all defendants will arise in the action." We need not decide whether E. Ronald Schulte was a "person needed for just adjudication" of this litigation, or was a so-called "indispensable" or "necessary" party who should have been joined, if feasible, under Rule 19 of the Federal Rules of Civil Procedure. For a discussion of "indispensable" or "necessary" parties, see 3A *J. Moore, Federal Practice* ¶ 19.01 *et seq.* We conclude that defendant Schulte was, at the least, a "proper" party to the litigation, and that the district court correctly allowed his joinder pursuant to the provisions for permissive joinder under Rule 20. For a discussion of "proper" parties, see 3A *J. Moore, Federal Practice* ¶ 20.01 *et seq.*[2]

**2.** 3A *J. Moore, Federal Practice* ¶ 19.02 reads, in part, as follows:

*Classification of Parties*
Parties to actions in the federal courts are divided into four classes:

■ On a threshold level, Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977). *See generally Wright & Miller, Federal Practice and Procedure:* Civil § 1653. Plaintiff's petition to add Schulte as a party defendant satisfied these specific requirements of Rule 20. First, plaintiff's claims against both of the defendants arose out of the same series of occurrences; that is, INA's alleged cancellation of DEB's bond coverage in February 1976, coupled with agent Schulte's alleged representation of January 22, 1976, that INA had agreed to keep its bond coverage in effect until DEB had secured comparable coverage from another carrier. Second, plaintiff's action against both of the defendants raised questions of law and fact common to all of the parties. There were several material questions that were common both to the claims of plaintiff DEB and to the responses of defendants Schulte and INA. For example, did agent Schulte in fact make the alleged representations of January 22, 1976, and if so, was Schulte acting within the scope of his authority as an agent of INA at the time that such representations were made? [3]

■ On a second level, the district court's decision to grant DEB leave to add Schulte as a party defendant rested within the discretion vested in the court by the provisions of Rule 20. Although the specific requirements of Rule 20, discussed above, may be satisfied, a trial court must also examine the other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. For example, when making a decision whether to allow the permissive joinder of a party, a court should consider such factors as the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action. *See also*, cases cited in 3A *J. Moore, Federal Practice* ¶ 15.08[4]–[5]. We note that, in exercising the discretion provided by Rules 15 and 20, courts have shown a

---

1. Formal or nominal;
2. Proper;
3. Necessary, or, more accurately speaking, conditionally necessary; and
4. Indispensable.

We have seen that parties who are not real parties in interest but who must be made plaintiff or defendant, as the next friend where the real plaintiff is an infant, or the governor of a state in a suit upon a sheriff's bond given to the governor for benefit of certain persons, are formal or nominal parties. In cases where jurisdiction is founded upon diversity of citizenship or alienage their citizenship or alienage is immaterial. On the other hand we have seen that all other parties, such as proper, necessary, or indispensable parties, if plaintiffs, are real parties in interest; and if they are defendants, it can with equal certainty be said that they are real parties in interest defendant. Their citizenship, or alienage, is important where jurisdiction is founded upon such grounds.

3. In its brief on appeal, defendant INA argues as follows:

In the case before this Court it is categorically clear that from and after February 13, 1976, DEB relied upon St. Paul for its Bankers Blanket Bond coverage. There is no contention, nor could there logically be one, that Schulte was acting in a capacity as an agent of INA in representing to DEB that there was coverage effective February 13 on the part of St. Paul. Nothing Schulte did in a capacity as an agent of INA was relied upon by DEB in any fashion. According to the vice-president of DEB, and to DEB's counsel, the bank relied upon Schulte's representation, presumably as an agent of St. Paul, as in fact he was a St. Paul agent, that coverage was placed by that company, not with INA.

strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules. *See, e. g., League to Save Lake Tahoe, supra,* 558 F.2d 914 (9th Cir. 1977) ("We start with the premise that Rule 20, Fed.Rules Civ.Proc., regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.") Specifically, the Supreme Court has consistently adhered to the mandate of Rule 15(a) that leave to amend ". . . shall be freely given when justice so requires." *See, e. g., Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

■ In the light of the factors set out above, we conclude that the district court acted with proper discretion when it granted DEB leave to add agent Schulte as a party defendant. DEB sought to amend its pleadings during the preliminary phase of the proceedings; that is, DEB first filed an amended complaint naming Schulte as a party defendant on March 15, 1978, seven days after counsel had argued INA's motion for summary judgment. Given this time frame, DEB cannot properly be accused of engaging in delay tactics in relation to the joinder of agent Schulte. More importantly, there existed a very close, and in fact a legally recognized relationship between defendant INA and agent Schulte. Specifically, the series of events which allegedly gave rise to plaintiff's cause of action consisted of closely interwoven actions between INA and its authorized agent. For example, the representations that Schulte allegedly made on January 22, 1976 were made to DEB based on the apparent authority that had been vested in Schulte by INA. The closeness of this relationship between the parties, and the interwoven nature of the actions by the two defendants strongly supported the district court's decision to allow DEB to join Schulte as a party defendant.

■ The most substantial objection now raised by INA to the joinder of agent Schulte centers on the motive that was behind plaintiff DEB's decision to petition the court for such joinder. According to INA, DEB sought to join agent Schulte only after it had realized that the district court was inclined to grant summary judgment in favor of INA. In other words, INA contends that DEB used the joinder of Schulte solely as a means to divest the court of its diversity jurisdiction. We agree with INA that the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint. Further, we conclude that a trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court. *See, e. g.,* cases cited in 3A *J. Moore, Federal Practice* ¶ 21.04[2]. In such cases, a plaintiff may well be inclined to add a new defendant only to have his action remanded to the state forum, the one that he had originally chosen as best suited to his purposes. Nonetheless, despite the caution that should be exercised in removal cases, we fail to find in the record before us sufficient evidence of any improper motive on the part of plaintiff DEB. To the contrary, the record suggests that the district court actually encouraged DEB to amend its complaint, in light of the degree of agent Schulte's involvement in the series of occurrences that allegedly gave rise to plaintiff's cause of action. For example, with reference to an amendment to plaintiff's pleadings, the district court stated at the March 6, 1978 hearing that "Mr. Schulte . . . became [an] indispensible part[y] to the lawsuit." This "encouragement" or, more accurately, "invitation" to DEB to amend its pleadings undercuts INA's assertion that the joinder of agent Schulte was essentially a contrivance on the part of DEB to destroy the court's diversity jurisdiction. Further, such encouragement or invitation by the district court distinguishes the present case from the cases cited by INA in which the

plaintiffs requested the joinder of new defendants in unilateral attempts to destroy the federal courts' diversity jurisdiction over matters that the courts were in a suitable position to decide. *See, e. g., Carter v. Seaboard,* 318 F.Supp. 368, 373 (D.C.S. C.1970); *Gentle v. Lamb-Weston, Inc.,* 302 F.Supp. 161, 165 (D.C.Me.1969); *Pacific Gas & Electric v. Fibreboard Products,* 116 F.Supp. 377, 381 (N.D.Cal.1963). *See generally Wright & Miller, Federal Practice and Procedure:* Civil §§ 3641–42.

■ In the light of our conclusion that the district court properly permitted plaintiff DEB to add agent Schulte as a party defendant, we now conclude that the court lacked the jurisdiction to grant summary judgment in favor of INA. Both plaintiff and defendant Schulte were residents of the State of California, and the diversity jurisdiction of the district court was immediately destroyed upon Schulte's joinder. We recognize that the court granted INA summary judgment either at the same time or immediately after it granted DEB leave to amend its complaint; however this time sequence is irrelevant to the jurisdictional issue raised by Schulte's joinder. Further, we note that the district court's jurisdiction was not retained pursuant to the provisions of 28 U.S.C. § 1441(c). That section provides:

> (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

However, the Supreme Court substantially limited the availability of section 1441(c) in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Therein, the Supreme Court provided a restrictive definition of the term "separate and independent claim or cause of action." The Court wrote:

Considering the previous history of "separable controversy," the broad meaning of "cause of action," and the congressional purpose in the revision resulting in 28 U.S.C. § 1441(c), 28 U.S.C.A. § 1441(c), we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).

341 U.S. at 13–14, 71 S.Ct. at 540. In the present case plaintiff DEB allegedly suffered a single wrong that arose from an interlocked series of transactions. Accordingly, the district court did not retain jurisdiction of the case after Schulte's joinder pursuant to provisions of § 1441(c).

The judgment of the district court in favor of INA is vacated. The action is remanded to the district court with instructions to remand the case to the state court for further proceedings therein.