**Howard R. SYME, Plaintiff,**

**v.**

**Tom ROWTON; Phillips Petroleum Company, a Delaware corporation, Defendants.**

**Woodrow BERNAU, Plaintiff,**

**v.**

**Tom ROWTON; Phillips Petroleum Company, a Delaware corporation, Defendants.**

**Nos. CV–82–48–GF, CV–82–49–GF.**

United States District Court, D. Montana, Great Falls Division.

Sept. 23, 1982.

**34**

Robert T. Cummins, Helena, Mont., for plaintiff.

John R. Hunt, Plentywood, Mont., for Tom Rowton.

Bruce R. Toole, Billings, Mont., for Phillips Petroleum Co.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

### I. FACTS

After plaintiffs Bernau and Syme filed separate lawsuits in state court against Rowton and the Phillips Petroleum Company, the judge of the Fifteenth Judicial District of Montana ordered the cases consolidated for trial. On April 22, 1982, the plaintiffs Bernau and Syme filed motions seeking to amend their complaints to allege damages in excess of $10,000. Thereafter, the defendants removed the cases to this court.

Presently before the court are three motions filed by the plaintiffs:

(1) to amend their complaints to increase their damage claims;

(2) to add several additional party defendants; and

(3) to remand the case to state court.

### II. DISCUSSION

A) *Motion to Amend to Increase Damage Claims*

■ Plaintiffs Bernau and Syme seek to amend their complaints to allege damages of $140,000 each. Leave to amend the pleadings, under Rule 15(a) of the Federal Rules of Civil Procedure, rests within the discretion of the trial court, and should be freely granted in the absence of prejudice to the opposing party. *Waits v. Weller,* 653 F.2d 1288 (9th Cir.1981). Because the plaintiffs will be required to prove the extent of any damages they may have suffered, no prejudice will ensue if this court allows this change in the pleadings. For this reason, the plaintiff's motion to amend their complaints, raising their damage claims to $140,000 each, is granted.

B) *Motion to Amend to Name Additional Defendants*

On May 10, 1982, the plaintiffs filed a motion to amend their complaint, in order to name additional defendants. As the complaint now reads, each of the plaintiffs is diverse from each of the defendants. Because the plaintiffs' motion to increase their damage claims has been granted in part A, above, this court has jurisdiction under 28 U.S.C. § 1332. However, complete diversity, and, consequently, federal court jurisdiction, would be defeated should the plaintiffs be allowed to add the non-diverse defendants. Thus the question becomes whether this court should allow a plaintiff, by an amendment to the pleadings, to defeat federal jurisdiction and force a remand to state court.

■ It is apparent that the decision to allow or disallow a litigant to add party defendants rests within the sound discretion of the trial court. *Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371 (9th Cir.1980). It is equally apparent that the authorities offer no definite answer regarding the propriety of allowing an amendment such as is sought here, when the effect will be to defeat the jurisdiction of the court. However, one leading writer, after surveying the pertinent cases, has concluded:

> And in the exercise of a sound discretion the district court may permit a new party to be added, although his citizenship destroys diversity and requires a remand. But unless there are strong equities in favor of the amendment, or unless the party is an indispensible party, the court should normally deny leave to amend....

1A Moore's Federal Practice 0.161[1] at 209 (2d Ed.1982).

A case which is in accord with Professor Moore's above-stated conclusion is *Pacific Gas & Electric Co. v. Fibreboard Products,* 116 F.Supp. 377 (D.Cal.1953). There, a corporate plaintiff sought to add non-diverse parties as defendants in an action previously removed, on diversity grounds, to a California federal court. In denying the motion to amend, the court found that the defendant's statutory right of removal should not be subject to "the plaintiff's caprice", and further, that:

> ... before plaintiff begins a lawsuit he has certain elections. Here, plaintiff had not only an original election as to forum, but also an election as to which defendants to sue.... Had plaintiff commenced its action against all of the defendants named in the complaint, Fibreboard would have no right to remove. But plaintiff elected otherwise; and now, absent a showing of any reason for changing that election other than a desire to have the case remanded to the state court, it should not be allowed to prejudice Fibreboard's right to this forum.

*Id.* at 381.

*Pacific Gas* is cited with approval by a recent case from a federal district court in West Virginia. In *Thorp v. Petrola,* 81 F.R.D. 513 (D.W.Va.1979), a plaintiff sought to add another party to a lawsuit, which if allowed would have defeated federal jurisdiction and forced a remand. In the course of an extensive discussion, the court held that Rules 19, 20 and 21 of the Federal Rules of Civil Procedure were controlling, rather than the more general, and permissive, Rule 15. The court found that Rules 19, 20 and 21 "do not permit manipulation of the parties to defeat jurisdiction," and that, consistent with the policy behind those rules, the motion to add parties, defeating diversity, should be denied. *Id.* at 515–6. *See also, St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

The plaintiffs cite several cases wherein a court has granted a motion to add parties, even though this had the effect of defeating the court's diversity jurisdiction. However, *Ingersoll v. Pearl Assurance Co.,* 153 F.Supp. 558 (D.Cal.1957), and *Miller v. Davis,* 464 F.Supp. 458 (D.D.C.1978), two cases where the court allowed the amendment, turn largely on their facts. In particular, the court in *Miller* noted that the case was in the very earliest stages of discovery. *Id.* at 461. In the present case, on the other hand, it appears that discovery relative to the plaintiffs' cases against defendants Rowton and Phillips Petroleum Company is nearly complete.

■ Further, *Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371 (9th Cir.1980), another case wherein parties were added through an amendment to the pleadings, is of no help to the plaintiffs here. In *Desert,* the Ninth Circuit noted that the trial court should carefully evaluate the motive of any plaintiff seeking to name additional party defendants. The court instructed trial judges to exercise caution whenever the addition of a new defendant would defeat the court's diversity jurisdiction and force a remand to the state court. In the present cases, the facts strongly suggest that the plaintiffs' primary motive in seeking to add the nondiverse defendants is to defeat the jurisdiction of this court.[1] Consequently, the caution mandated by *Desert* suggests to this court that the motion to add several new defendants should be denied.

### C. *Motion for Remand to State Court*

■ On April 28, 1982, the plaintiffs filed a motion to remand these causes to the state district court, alleging: 1) that the defendant's petition for removal was not timely; and 2) that the citizenship of defendant Rowton might not be diverse from that of the plaintiffs. These issues have been fully briefed, were argued before this court on May 20, 1982, and are now ripe for decision.

---

1. It is not disputed that the plaintiffs knew of the existence of Prairie Pipeline, one of the newly-tendered defendants, for at least two years prior to the instigation of this lawsuit.

The questions surrounding the timeliness of the defendant's petition for removal require no extended discussion. In the plaintiffs' memorandum in support of remand, dated May 7, 1982, there is an apparent concession that, because some of the case law relied upon by the plaintiffs had been overruled, the contention that the petition was not timely was without merit. Regardless of whether such a concession was offered or not, the court finds that the petition was timely under 28 U.S.C. § 1446: the cases were consolidated for trial only, and the plaintiffs' claims could not be aggregated to reach the jurisdictional amount, *see, e.g., Snow v. Ford Motor Co.,* 561 F.2d 787 (9th Cir.1977), and also, a case not originally removable does not become so absent a voluntary act of the plaintiff. *Self v. General Motors Corp.,* 588 F.2d 655 (9th Cir.1978). Thus there is no basis for the plaintiffs' assertion that the petition for removal was not timely.

■ In addition, the plaintiffs have raised questions about the citizenship of defendant Tom Rowton, and have alternately suggested that Mr. Rowton is a citizen, or a resident, of Montana. Whatever may be the proper definition for "residence", it is clear that diversity jurisdiction depends upon the concept of "domicile", rather than residence. As the Fifth Circuit has stated, paraphrasing a noted legal scholar:

> A person's domicile is that place where he has his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.

*Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954). And while a person may have a number of residences, it is impossible for him to have more than one domicile. *Harding v. Standard Oil Co.,* 182 F. 421 (C.C.D. Ill.1910).

■ With the above considerations in mind, a review of the facts as submitted to the court fully establishes that Montana is not Mr. Rowton's place of domicile. In his deposition of April 13, 1982, Mr. Rowton related the following facts: that his permanent address is in Texas, he has a phone number in that state, that he worked for a Texas company, that he lived in a motel in Plentywood, Montana and traveled between this state and North Dakota. In an affidavit of Rowton's attorney, it was disclosed that Mr. Rowton had lived in Texas for four years prior to coming to Montana to work as a pipeline inspector, that he considered Texas his permanent residence, and had a driver's license from that state, and that Rowton returned to Texas after completing his work on the pipeline in Montana and North Dakota. Taking these facts as a whole, the court concludes that defendant Rowton's domicile is not Montana, and therefore this court has diversity jurisdiction.

Under 28 U.S.C. § 1447(c) federal district courts must remand to state court all cases "removed improvidently and without jurisdiction." In light of the orders set out in parts A and B, above, and the discussion in part C, it is apparent that jurisdiction rests in this court under 28 U.S.C. § 1332(a)(1), and that removal was proper under 28 U.S.C. § 1441(a). Consequently, plaintiffs' motion for remand to state court is denied.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED AND ADJUDGED that the plaintiffs' motion to amend their complaints to increase their damage claims be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the plaintiffs' motions to amend their complaints to name additional party defendants, and to remand their cases to state court, are both DENIED.

IT IS FURTHER ORDERED that the plaintiffs are granted fifteen (15) days from the date of this order to file an amended complaint in conformity with this order.