Frederick BOYD, Plaintiff,

v.

DIEBOLD, INC., Defendant.

Civ. No. 82–71871.

United States District Court,
E.D. Michigan, S.D.

April 29, 1983.

John R. Rinn, Troy, Mich., for plaintiff.

Douglas S. Dovitz, Detroit, Mich., for intervening co-plaintiff.

Brian Einhorn, Southfield, Mich., for defendant.

## MEMORANDUM OPINION

RALPH M. FREEMAN, Senior District Judge.

This matter is before the Court on plaintiff's motion to amend his complaint and motion to remand. Plaintiff alleges that he was injured while employed as a security officer at Detroit Bank and Trust when a steel vault door closed on him. He also alleges that defendant Diebold, Inc. sold, installed, and contracted to maintain the vault door. The complaint asserts claims against Diebold for negligence, breaches of express and implied warranties, and strict liability in tort. The action was originally filed in Wayne County Circuit Court on April 27, 1982, but was removed to this Court by Diebold on May 20, 1982. The petition for removal alleges that there is diversity of citizenship because plaintiff is a citizen of Michigan and Diebold is a citizen of Ohio.

Plaintiff moves to amend his complaint pursuant to Rules 15 and 20 to add Robert Golightly as a defendant. The proposed amended complaint alleges that Golightly was the regional service manager for Diebold and asserts claims against him for negligent supervision of the servicemen working under his control. It also alleges that Golightly is a citizen of Michigan. Plaintiff asserts that he learned about Golightly's role during Golightly's deposition taken on February 2, 1983.

Plaintiff's motion to remand is conditioned upon the granting of his motion to amend. If Golightly is added as a defendant, plaintiff contends that this Court will lack subject matter jurisdiction because both plaintiff and Golightly are citizens of Michigan.

These two motions raise the issue of whether plaintiff may amend his complaint after removal to add a defendant whose citizenship destroys the diversity jurisdiction of this Court which existed at the time of removal. Whether an action has been properly removed under 28 U.S.C. § 1447(b) is determined as of the time of removal and the time of the commencement of the action. See, e.g., Holloway v. Pacific Indemnity Co., 422 F.Supp. 1036 (E.D.Mich. 1976). 1A Moore's Federal Practice ¶ 0.157[12]. In this case, plaintiff does not contend that the removal of the action was improper or that the Court lacked diversity jurisdiction at the time of removal. Once an action has been properly removed, however, plaintiff may not do anything to defeat federal jurisdiction and force a remand to state court. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Comstock v. Morgan, 165 F.Supp. 798 (D.Mo.1958). Some courts have indicated that this principle prevents a plaintiff from amending his complaint after removal to add non-diverse defendants. See, e.g., Skinner v. American Oil Co., 470 F.Supp. 229 (S.D.Iowa 1979); Perimeter Lighting, Inc. v. Karlton, 456 F.Supp. 355 (N.D.Ga.1978); Nash v. Hall, 436 F.Supp. 633 (W.D.Okl.1977); Barrett v. McDonald's of Oklahoma City, 419 F.Supp. 792 (W.D.Okl.1976). Other courts, though, have indicated that plaintiff may amend his complaint to add non-diverse defendants who are indispensable or necessary parties to the action under Rule 19. In such cases the action is remanded to state court. See, e.g., Stanhope v. Ford Motor Credit Co., Inc., 483 F.Supp. 275 (W.D.Ark.1980); South Panola Consolidated School District v. O'Bryan, 434 F.Supp. 750 (N.D.Miss. 1977). Cf. Harper Financial Corp. v. Hanson Oil Corp., 403 F.Supp. 1405 (W.D.Tenn. 1975) (amendment adding non-diverse parties changed nature of the action).

At the hearing on the motions on March 21, 1983, the Court requested that each party file a supplemental brief on the issue of whether Golightly is a necessary or indispensable party to this action under Rule 19. Plaintiff argues in its brief that Golightly is a necessary party under Rule 19(a)(1) because plaintiff cannot obtain complete relief in Golightly's absence. Diebold concedes that Golightly is a proper party, but asserts

that he is neither a necessary nor indispensable party because plaintiff can obtain complete relief in his absence. Diebold contends that it would be liable for any negligence of Golightly because such negligence would necessarily arise out of acts performed by Golightly within the scope of his employment. It further argues that persons who are jointly and severally liable for an injury are not regarded as necessary or indispensable parties.

█ The Court concludes that Golightly is neither a necessary nor indispensable party, but is merely a proper party. Plaintiff's argument that complete relief cannot be obtained in Golightly's absence misconstrues Rule 19(a)(1), which refers to relief as between the persons already parties and not relief between a party and the absent party whose joinder is sought. *See* 3A Moore's Federal Practice ¶ 19.07–1[1]. The Court finds that complete resolution of the dispute between plaintiff and Diebold does not require the joinder of Golightly. *See United States v. Arlington,* 669 F.2d 925, 929 (4th Cir.1982). Furthermore, it is clear that persons whose liability is joint and several are not indispensable or necessary parties to an action against one of them merely because of the joint and several liability. *See, e.g., Herpich v. Wallace,* 430 F.2d 792 (5th Cir.1970); *Letmate v. Baltimore & Ohio Ry. Co.,* 311 F.Supp. 1059 (D.Md.1970); *Debbis v. Hertz Corp.,* 269 F.Supp. 671 (D.Md.1967); 3A Moore's Federal Practice ¶ 19.07[1].

Since the Court has determined that Golightly is merely a proper party to this action, the specific issue raised by these motions is whether plaintiff may amend his complaint after removal to add a defendant who is merely a proper party and whose citizenship destroys the diversity jurisdiction of this Court which existed at the time of removal. Plaintiff contends that the amendment should be allowed under Rule 15, which relates to amended pleadings, and Rule 20, which relates to permissive joinder of parties. There is conflicting authority on this issue. In *In re Merrimack Mutual Fire Insurance Co.,* 587 F.2d 642 (5th Cir.

1979), the Fifth Circuit ruled that a district court lacks discretion to allow the joinder of non-indispensable parties whose joinder after removal would destroy diversity. *Id.* at 647 n. 8. This ruling was based on a broad interpretation of *Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), a case in which the Supreme Court held that a district court's order to remand because of its calendar congestion did not state a reason falling within the exclusive grounds for remand stated in 28 U.S.C. § 1447(c). Although the Fifth Circuit conceded that the district court could remand after allowing the addition of indispensable non-diverse parties, it extended the *Thermatron* case to prohibit the district court from exercising its discretion under Rule 20 to permit the addition after removal of a non-diverse defendant who is not indispensable.

Two district courts have rejected the Fifth Circuit's reasoning and conclusion in the *Merrimack* case. *See Shaw v. Munford,* 526 F.Supp. 1209 (S.D.N.Y.1981); *Soam Corp. v. Trane Co.,* 506 F.Supp. 302 (S.D.N.Y.1980). In both cases the court concluded that the Fifth Circuit overstated the holding of the Supreme Court's decision in the *Thermtron* case. In *Shaw v. Munford, supra,* the court observed:

There is nothing in the [*Thermtron*] opinion to suggest that the discretion accorded a district judge under Rule 20 has been abrogated in situations in which joinder will destroy diversity.

526 F.Supp. at 1213 n. 10. Furthermore, in *Desert Empire Bank v. INA,* 623 F.2d 1371 (9th Cir.1980), the Ninth Circuit implicitly rejected the Fifth Circuit's conclusion. The Ninth Circuit held that the district court should allow the joinder of a non-diverse defendant after removal if plaintiff satisfies the requirements of Rule 20. It also stated that the action must then be remanded to state court. *See also Miller v. Davis,* 464 F.Supp. 458 (D.D.C.1978) (action remanded after plaintiff permitted to join non-diverse defendant).

█ The Court concludes that plaintiff may not amend his complaint to add Golightly to this action regardless of which authority is followed. On the one hand, the

*Merrimack* case ruled that a district court does not have discretion under Rule 20 to allow the addition after removal of a non-diverse defendant who is not an indispensable party. Since the Court has determined that Golightly is not an indispensable party, the Court may not allow the addition of Golightly under the *Merrimack* case because Golightly's presence would destroy the Court's diversity jurisdiction.

On the other hand, the conflicting authority indicates that a non-diverse defendant can be added after removal if the joinder satisfies the requirements of Rule 20. That Rule imposes two threshold requirements for the permissive joinder of parties: (1) a right to relief asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences, and (2) some question of law or fact common to all parties must arise in the action. Based on the allegations of the proposed amended complaint, the Court finds that these two requirements are satisfied. First, plaintiff's claims against both Diebold and Golightly are related to the incident in which the steel vault door closed on him while he was employed as a bank security officer. Second, the claims raise several questions of fact and law which are common to both Diebold and Golightly.

The satisfaction of these two specific requirements, however, is not enough to warrant granting plaintiff's motion to amend. Permissive joinder under Rule 20 rests within the sound discretion of this Court, which must determine whether the joinder of Golightly comports with the principles of fundamental fairness. *See Desert Empire Bank v. INA, supra* at 1375–76.

In cases where joinder will necessitate a remand to state court, the Court should pay particular attention to the motive underlying the plaintiff's motion to amend. *See Desert Empire Bank v. INA, supra* at 1376; *Shaw v. Munford, supra* at 1213; 3A Moore's Federal Practice ¶ 21.-04[2]. In this case, the Court finds that plaintiff seeks to add Golightly solely to effectuate a remand to state court. This action was removed by Diebold on May 20,

1982. Although the motion cut-off date was set at January 31, 1983, plaintiff did not move to add Golightly until February 24, 1983. Plaintiff's assertion that he did not discover Golightly's responsibilities until his deposition was taken on February 2, 1983 does not adequately explain the delay in seeking to determine Golightly's role. The Court notes that plaintiff's motion to amend was filed contemporaneously with his motion to remand. It does not appear that plaintiff will be significantly prejudiced if the joinder of Golightly is not permitted because plaintiff may pursue his action against him in state court. The proposed claim against Golightly contains essentially the same allegations as the claim against Diebold. After reviewing the circumstances and claim against Golightly, the Court will exercise its discretion under Rule 20 to deny plaintiff leave to add Golightly because it appears that plaintiff is only seeking to have his action remanded to state court.

In light of the Court's conclusion that plaintiff's motion to amend should be denied under both lines of authority addressing the issue, plaintiff's motion to remand lacks merit and will be denied.

Therefore, plaintiff's motion to amend and motion to remand will be denied. An appropriate order shall be entered.