**Robert M. RENDER, a Minor, By Robert L. RENDER, his father and next friend, Plaintiff,**

v.

**CONSOLIDATED RAIL CO., et al., Defendants.**

No. 83 C 4031.

United States District Court, N.D. Illinois, E.D.

June 1, 1984.

As Amended on Denial of Reconsideration Aug. 8, 1984.

Robert A. Rosin, Joseph A. Rosin & Associates, Ltd., Chicago, Ill., for plaintiff.

Paul G. Velbergs, Lord, Bissell & Brook, Chicago, Ill., for defendant Conrail.

Anna M. Kelly, Chicago, Ill., for Indiana Harbor Belt R.R.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

This action is before the court on plaintiff's motion to remand the case to the state court from which it was removed under 28 U.S.C. § 1447(c). For the reasons stated below, the court denies this motion. Further, the court drops Indiana Harbor Belt Railroad Company ("IHB") as a defendant, under Fed.R.Civ.P. 21.

The following facts appear from the pleadings. Consolidated Rail Co. ("Conrail") owned, operated, installed, and maintained railroad tracks and rights-of-way in the City of Hammond, Indiana, long prior to and on or about March 19, 1983. IHB operated trains upon Conrail's tracks prior to and on or about March 19, 1983, and was also retained by Conrail periodically to inspect and to maintain the rights-of-way. A third party, Chicago, Milwaukee, St. Paul and Pacific Railroad ("Chicago") also operated trains upon Conrail's tracks prior to and on or about March 19, 1983. On that date the plaintiff, Robert M. Render, then twelve (12) years old, was struck by a train while playing on Conrail's right-of-way. Subsequent to and as a result of the incident, plaintiff's foot was amputated.

Plaintiff initiated this cause of action in Circuit Court of Cook County, Illinois, naming Conrail as the sole defendant in a negligence action. Count I alleged numerous negligent and careless acts and omissions; Count II alleged violation of maintenance statutes. Defendant removed the cause to federal district court, based upon diversity and a claim in excess of $10,000. Subsequently, plaintiff moved for leave to file amended complaints in which he named as additional defendants Chicago and IHB, a nondiverse party. Plaintiff's stance is that the addition of IHB destroys diversity, depriving the court of subject matter jurisdiction and calling for remand. Both Conrail and IHB assert that IHB should be dis-

missed as a defendant in order to preserve federal jurisdiction.

If at any time prior to final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. 28 U.S.C. § 1447(c). Professor Moore states that an indispensable party can be joined even if its joinder would destroy diversity and necessitate remand. 1A *Moore's Federal Practice* ¶ 0.161[1.–3] (1983). In this case, the court finds that IHB is a proper, but not an indispensable, party. Plaintiff has not argued that IHB is an indispensable party, and the court's independent evaluation is that IHB cannot be considered an indispensable party. While in practical terms it would be desirable for all three railroad defendants to be involved in one suit, the court does not foresee any prejudice to plaintiff resulting from a judgment rendered in IHB's absence. As to IHB, its memorandum clearly does not claim prejudice.

Since IHB is not an indispensable party, the question arises whether the plaintiff may amend his complaint after removal to add a non-indispensable defendant whose citizenship destroys the diversity jurisdiction which existed at the time of removal. There are two lines of cases on this point. *See Boyd v. Diebold,* 97 F.R.D. 720, 721 (E.D.Mich.1983) (citing cases). Certain courts have indicated that under some circumstances a plaintiff may amend his complaint to add non-diverse defendants who are proper but not indispensable parties. *See e.g., Desert Empire Bank v. Ins. Co. of North America,* 623 F.2d 1371 (9th Cir.1980); *Shaw v. Munford,* 526 F.Supp. 1209 (S.D.N.Y.1981); *Stanhope v. Ford Motor Credit Co., Inc.,* 483 F.Supp. 275 (W.D.Ark.1980). The second line of cases relies on the concept that once an action has been properly removed, the plaintiff may not do anything to defeat federal jurisdiction and to force a remand to state court. Courts in the second line of cases do not permit plaintiffs to amend complaints to add non-diverse, non-indispensable defendants. *E.g., In Re Merrimack Mut. Fire Ins. Co.,* 587 F.2d 642, 647, n. 8, (5th Cir.1978) (remand based on "clearly improper ground" when non-indispensable parties joined). While it seems to the court that *Merrimack* exaggerates the holding in *Thermtron Products Inc. v. Hermansdorfer,* 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), on which it relies, the court nevertheless believes that the rule stated in *Merrimack* is the correct one. In determining whether removal was improvident and without jurisdiction, the court has considered only the facts of the case as they existed at the time of the removal and has ignored the subsequent addition of a non-indispensable non-diverse party.

At least one court has permitted the plaintiff to amend a complaint to add non-diverse defendants in reliance on Fed.R. Civ.P. 15(c), relating the amendment back to the date of the original complaint. *Soam Corp. v. Trane Co.,* 506 F.Supp. 302, 308 (S.D.N.Y.1980). The court then held the case improvidently removed because diversity jurisdiction was lost. *Soam,* 506 F.Supp. 302, at 308. In *Ryan v. State Bd. of Elections of State of Ill.,* 661 F.2d 1130, 1134 (7th Cir.1981) the Court focused on this aspect of *Soam.* Whether or not it is proper to apply Fed.R.Civ.P. 15(c) in this way, there is no suggestion that the facts of this case meet the requirements which that Rule sets for the relation back of amendments that add parties.

The court may on motion of any party or by its own initiative drop a party on such terms as are just. Fed.R.Civ.P. 21. In order to preserve diversity, the court drops IHB.

Accordingly, the court denies plaintiff's motion to remand this case. The Indiana Harbor Belt Railroad Company is dropped as a party.

It is so ordered.