Donald B. WALKER and Rosalie D. Walker, Plaintiffs,

v.

UNION CARBIDE CORPORATION, Globe Air, Inc., Union Carbide Agricultural Products Co., Inc., Scott Paper Co. and Biegert Aviation, Inc., Defendants.

Donald B. WALKER and Rosalie D. Walker, Plaintiffs,

v.

GULF OIL COMPANY and Robinson & Kenney Distributors, Defendants.

Nos. Civ. 85–0105–B, Civ. 85–0188–B.

United States District Court, D. Maine.

March 12, 1986.

---

Clinton B. Townsend, Karin R. Tilberg, Skowhegan, Me., for plaintiffs.

Joseph L. Cotter, Goodwin, Procter & Hoar, Boston, Mass., David M. Cohen, John F. Lambert, Portland, Me., Phillip D. Buckley, Bangor, Me., Vernon I. Arey, Waterville, Me., Michael D. Seitzinger, Augusta, Me., for defendants.

## ORDER AFFIRMING ORDER OF MAGISTRATE

CYR, Chief Judge.

### I.

Defendants removed Civil 85–105–B to this court from the Superior Court of the State of Maine, Somerset County, on March 15, 1985. Plaintiffs commenced the related action in Civil 85–188–B in this court on May 28, 1985. Both actions involve claims that plaintiff Donald Walker was injured as a result of the aerial discharge of spray material, "Sevin-4" and kerosene, over the pond on which he was fishing. The defendants in Civil 85–188–B are alleged to be the manufacturer and distributor of the kerosene in question.

On October 2, 1985 the Magistrate, in his Report of Hearing and Order, *granted:* (1) plaintiffs' motion to dismiss defendant Robinson & Kenney Distributors [Robinson & Kenney], a Maine corporation, as a defendant in Civil 85–188–B; (2) plaintiffs' motion to consolidate Civil 85–105–B and Civil 85–188–B; (3) plaintiffs' motion to amend their

complaint in 85–105–B to add Robinson & Kenney as a defendant; and (4) plaintiffs' motion for remand of 85–105–B to state court due to the presence of the added nondiverse defendant, Robinson & Kenney.

Defendants Gulf Oil Company [Gulf Oil], Union Carbide Corporation and Union Carbide Agricultural Products Company, Inc. [Union Carbide] appeal from the findings and order of the Magistrate granting plaintiffs' motion to amend the complaint to add Robinson & Kenney as a defendant and remanding that action to state court because of the addition of that nondiverse defendant.

## II.

■ Addressing, first, the appropriate standard of review, this court has held, under similar circumstances, that a Magistrate's order on a motion to amend and a motion to remand for lack of diversity jurisdiction is reviewable under 28 U.S.C. § 636(b)(1)(A) and, thus, will be approved unless "clearly erroneous or contrary to law." *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F.Supp. 583 (D.Me.1984) (per Carter, J.).[1]

The Magistrate examined the motion to amend under the analysis delineated in *Desert Empire Bank v. Insurance Company of North America*, 623 F.2d 1371 (9th Cir.1980), and concluded (1) that Robinson & Kenney was a proper (though not necessary) party, and (2) that plaintiffs' motion to amend was not the result of improper motive to destroy diversity jurisdiction but, rather, "an attempt by counsel to correct an omission in naming defendants."

Union Carbide and Gulf Oil argue (1) that the Federal Rules of Civil Procedure do not permit joinder of a dispensable party whose joinder, after removal, would destroy diversity jurisdiction; (2) that the Magistrate abused his discretion in permitting joinder of Robinson & Kenney in the circumstances of this case; (3) that the Magistrate erroneously assigned to defendants the burden of proving improper motive; (4) that it was error for the Magistrate to remand after joinder of the nondiverse defendant; (5) that the Magistrate erred in finding no improper motive; and (6) that the Magistrate's subsidiary findings were not sufficiently specific.

■ Contrary to defendants' assertion that a "bright line" has been established which "simply prohibits joinder of a nondiverse nonindispensable party where such joinder would defeat a federal court's diversity jurisdiction," the decisions examined by the court, including those cited by defendants, recognize that there are *two* lines of authority on this question. *See, e.g., Render by Render v. Consolidated Rail Co.*, 585 F.Supp. 630 (N.D.Ill.1984). Notwithstanding this disagreement, the *majority* view is that it is within the discretion of the court to allow joinder in these circumstances, unless the sole motivation for seeking such joinder is to destroy diversity jurisdiction. *See Desert Empire Bank v. Insurance Company of North America*, 623 F.2d 1371 (9th Cir.1980); *Grogan v. Babson Brothers Co. of Illinois*, 101 F.R.D. 697 (N.D.N.Y.1984); *Shaw v. Munford*, 526 F.Supp. 1209 (S.D.N.Y.1981); *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619 (S.D.N.Y.1984); *J.L. Stanhope v. Ford Motor Credit Co.*, 483 F.Supp. 275 (W.D.Ark.1980); *Miller v. Davis*, 464 F.Supp. 458 (D.D.C.1978). *But see In re Merrimack Mutual Fire Insurance Co.*, 587 F.2d 642, 647 (5th Cir.1978).[2]

---

**1.** Union Carbide "appeals" the Magistrate's order. Gulf Oil, on the other hand, has filed an "objection." Although the latter term would appear to contemplate review under subsections (B) and (C) of § 636(b)(1), the court treats the Gulf Oil pleading as an appeal under § 636(b)(1)(A). *See Jacobsen, supra*, 594 F.Supp. at 586.

**2.** Defendants also cite as contrary authority: *Render v. Consolidated Rail Co.*, 585 F.Supp. 630 (N.D.Ill.1984); *Boyd v. Diebold Inc.*, 97 F.R.D. 720, 723 (E.D.Mich.1983); *Syme v. Rowton*, 555 F.Supp. 33 (D.Mont.1982); and *Thorp v. Petrola*, 81 F.R.D. 513 (D.W.Va.1979).

*Render* and *Thorp* follow the *Merrimack* rule. However, *Syme* and *Boyd*, though denying the motions to amend to add a party, also followed

The *Desert Empire* approach received implicit judicial approval in this district in *Jacobsen v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.*, 594 F.Supp. 583 (D.Me.1984) (affirming Magistrate's order following *Desert Empire* analysis).

■ Defendants' attempts to distinguish this case from *Desert Empire* on its facts do not establish that the Magistrate misapplied the *Desert Empire analysis.* Indeed, this argument essentially amounts to a claim that the Magistrate clearly erred in finding that plaintiffs' attempts to add a nondiverse defendant were not for the purpose of destroying diversity. The court does not agree that the facts cited by defendants compel a conclusion contrary to that reached by the Magistrate.[3]

Regarding defendants' contention that the Magistrate mistakenly assigned the burden of proof on the question of motive to defendants, the short answer is that the Magistrate's decision does *not* delineate which party he considered to have the burden of proof. The Magistrate credited the representations of plaintiffs' counsel as to the reasons and motivation for the delayed attempt to add Robinson & Kenney as a party. In evaluating the credibility of plaintiffs' counsel's representations, the Magistrate examined the materials submitted by defendants and found them inadequate to rebut the representations of plaintiffs' counsel. Even if plaintiffs did have the burden of proving lack of improper motive, it was certainly not clear error for the Magistrate not to draw the inferences defendants sought to have drawn from the circumstantial evidence presented by them. Moreover, it is not at all clear that plaintiffs had the burden of disproving improper motive. *See Grogan v. Babson Brothers Company of Illinois*, 101 F.R.D. 697, 699 (N.D.N.Y.1984) [court may permit addition of nondiverse defendant even though it necessitates remand "when there is no showing that the plaintiff seeks to join the additional defendants solely to effectuate a remand"].

■ Next, defendants contend that even the addition of Robinson & Kenney, a nondiverse defendant in 85–188–B, does not constitute grounds for remand of the action. Some courts have stated that, for purposes of 28 U.S.C. § 1447(c) [requiring remand of actions "improvidently" removed], only circumstances existing at the time of removal are to be considered. *Skinner v. American Oil Co.*, 470 F.Supp.

the *Desert Empire* analysis to reach this conclusion.

*Merrimack* has been criticized for overstating the principle stated in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), upon which it relied. *See, e.g., Shaw v. Munford*, 526 F.Supp. at 1213 n. 10. Moreover, *Merrimack's* rigid rule has been placed in doubt by *IMFC Professional Services of Florida, Inc. v. Latin American Home Health Inc.*, 676 F.2d 152, 159 n. 14 (5th Cir.1982).

**3.** Defendants recite evidence that plaintiffs or their counsel knew, in 1980, that kerosene distributed by Robinson & Kenney might have been a factor in the injuries suffered by plaintiff Donald Walker. However, such evidence is not inconsistent with the Magistrate's view that plaintiffs failed to include Robinson & Kenney in their initial (state court) complaint due to oversight, rather than as a result of a conscious decision not to sue Robinson & Kenney. Indeed, the cited evidence would indicate that plaintiffs' counsel had good reason to include Robinson & Kenney as a defendant in the suit, thus supporting the view that their omission was inadvertent, rather than intentional.

Further support for the Magistrate's finding is plaintiffs' attempt to bring Robinson & Kenney into this litigation (by filing the separate complaint in 85–188–B) on May 28, 1985, only about three months after the commencement of the original action.

Moreover, the Magistrate recognized that it was entirely reasonable that plaintiffs would want to proceed against all defendants in a consolidated action in a single forum (whether in federal or state court). If 85–105–B had not been removed, plaintiffs' attempt to add Robinson & Kenney three months after the commencement of the action and shortly before the expiration of the statute of limitations, would likely have been seen merely as a conscientious attempt to correct an oversight and to avoid duplicitous litigation. In short, the Magistrate could reasonably conclude from the circumstances in this case that plaintiffs' motivation in seeking to add Robinson & Kenney was "more related to avoiding multiple litigation rather than federal jurisdiction," *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 623 (S.D.N.Y. 1984).

229, 233–34 (S.D.Iowa 1979); *see In re Merrimack Fire Insurance Co.*, 587 F.2d 642, 647 n. 8 (5th Cir.1978) (dictum). However, the trend of more recent authority is to permit the remand of an action upon the addition of a nondiverse defendant. *See Desert Empire Bank v. Insurance Company of North America*, 623 F.2d 1371, 1377 (9th Cir.1980); *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 623 (S.D. N.Y.1984); *Grogan v. Babson Brothers Company of Illinois*, 101 F.R.D. 697, 700 n. 1 (N.D.N.Y.1984); *Shaw v. Munford*, 526 F.Supp. 1209, 1215 n. 13 (S.D.N.Y. 1981); *Soam Corporation v. Trane Company*, 506 F.Supp. 302, 305–307 (S.D.N.Y. 1980); *Miller v. Davis*, 464 F.Supp. 458 (D.D.C.1978).

Finally, defendants complain that the Magistrate did not articulate a balancing of all of the factors mentioned in *Desert Empire* as deserving of consideration in determining whether the addition of a nondiverse defendant would comport with fundamental fairness:

> possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

623 F.2d at 1375. In addition to his extensive discussion on the question of improper motive, the Magistrate stated:

> Considerations of judicial economy and the orderly process of litigation counsel that result here despite the effect on this court's jurisdiction. Removal of a lawsuit to federal court should not prevent the plaintiffs from adding appropriate party defendants unless the plaintiffs' motive is improper. The court is not persuaded by any argument of hypothetical prejudice to the defendants arising out of remanding this action to state court.

Magistrate's Report of Hearing and Order, at 5. The mere failure to mention each other factor mentioned in *Desert Empire* does not mean that the Magistrate did not consider those factors. Moreover, *Desert Empire* did not specify the weight, if any, to be given to the listed factors (or any other factors) except that careful scrutiny is to be given to plaintiffs' motive.

Recognizing that refusal to permit plaintiffs to add Robinson & Kenney as a defendant in 85–105–B would force plaintiffs to maintain a separate state court action against Robinson & Kenney, the Magistrate determined that the inequity of that result would outweigh any prejudice to defendants. Defendants do not explain how the fact that discovery has reached an advanced stage in this action requires a different result.[4]

### III.

The Magistrate's decision to permit plaintiffs to add Robinson & Kenney as a defendant in 85–105–B and then to remand that action to state court is neither clearly erroneous nor contrary to law. Accordingly, it is *ORDERED* that

(1) the Magistrate's October 2, 1985 Report of Hearing and Order is hereby *APPROVED* and *AFFIRMED;* and

(2) the Clerk of Court is directed to effect *REMAND* of the action in 85–105–B to the Superior Court of the State of Maine, Somerset County, in accordance with the Order of the Magistrate.

SO ORDERED.

---

**4.** With regard to the delay complained of, it is noteworthy that plaintiffs sought to add Robinson & Kenney as a party in 85–105–B on May 31, 1985, a little over three months after the commencement of that action. The delay since that time is attributable to the court's consideration of defendants' objections to the proposed amendment and the motion to remand.