FILED

JAN 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID CHANCE,

               Plaintiff - Appellant,

v.

W. V. ANTHONY; et al.,

               Defendants - Appellees.

No. 14-16580

D.C. No. 3:11-cv-04279-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted January 20, 2016[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

    California state prisoner David Chance appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations in connection with defendants' regulation of his incoming and outgoing

mail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Doe v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Abbott Labs*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because Chance failed to raise a genuine dispute of material fact as to whether defendants' regulation of his incoming mail was not reasonably related to the prison's legitimate penological interest in prison safety, and as to whether defendants' regulation of his outgoing mail did not further a substantial governmental interest in prison safety. *See Thornburgh v. Abbott*, 490 U.S. 401, 413-19 (1989) (setting forth factors for evaluating claim relating to the regulation of incoming mail); *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974) (setting forth factors for evaluating claim relating to the regulation of outgoing mail), *overruled on other grounds by Thornburgh*, 490 U.S. 401.

The district court properly dismissed defendants Cate, Horel, Jacquez, and Lewis because the allegations in Chance's complaint failed to state a claim against any of those defendants. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in severing Chance's other claims from his first amended complaint because allowing the claims to proceed together would have prejudiced defendants given that the claims involved

numerous defendants, at least six distinct factual bases, and spanned over a three-year period. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th Cir. 2000) (setting forth standard of review and explaining that district courts have broad discretion in decisions regarding severance); *see also Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980) (district court must examine whether joinder of parties would "comport with the principles of fundamental fairness" or result in prejudice to either side).

The district court did not abuse its discretion in declining to exercise its supplemental jurisdiction over Chance's state-law claims. *See* 28 U.S.C. § 1367(c); *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (standard of review).

We reject Chance's argument regarding the dismissal of one of his original claims as duplicative.

**AFFIRMED.**

14-16580