558 F.2d 914
 LEAGUE TO SAVE LAKE TAHOE, Sierra Club, Walter Bailey, and
Brian Hayes, Plaintiffs-Appellants,
v.
TAHOE REGIONAL PLANNING AGENCY, Thomas Raley, Park Cattle
Co., Harvey's Wagon Wheel, Inc., Defendants-Appellees.
 No. 76-1867.
 United States Court of Appeals,
Ninth Circuit.
 July 18, 1977.
Rehearing Denied Aug. 5, 1977.
 
 Laurens H. Silver, Sierra Club Legal Defense Fund, San Francisco, Cal., argued for plaintiffs-appellants.
 James M. Day, Jr., argued, of Downey, Brand, Seymour & Rohwer, Sacramento, Cal., Gerard A. Rose, argued, of Johnson, Greve, Clifford & Diepenbrock, Sacramento, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of California.
 Before WRIGHT, GOODWIN and ANDERSON, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge.
 
 
 1
 This is an appeal from a final judgment of dismissal in favor of appellees Thomas Raley, Park Cattle Co., and Harvey's Wagon Wheel, Inc., entered on March 1, 1976, pursuant to the express direction of the court upon its finding that there is no just reason for delaying the entry of final judgment. Rule 54(b), Fed.Rules Civ.Proc. The district court also dismissed the action against the Tahoe Regional Planning Agency (TRPA), with leave to amend, for failure to have a short and plain statement of appellants' claims; however, the court did stay the filing of any amended complaint pending the resolution of this appeal. Jurisdiction in this court rests upon 28 U.S.C. § 1291, 1294.
 
 
 2
 This is the second time this case has been before this court on appeal. In League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy., 507 F.2d 517 (9th Cir. 1974), cert. denied, 420 U.S. 974, 95 S.Ct. 1398, 43 L.Ed.2d 654 (1975), we held that the district court had jurisdiction over this case because "a case involving the construction of an interstate compact which requires a judicial determination of the nature and scope of obligations set forth therein 'arises' under the 'laws' of the United States within the meaning of § 1331(a)." That case set forth the factual background and we will only briefly summarize the focus of the complaint. Basically, appellants brought this action seeking declaratory and injunctive relief, alleging that TRPA has failed, in several particulars, to comply with the legal requirements of the Compact. As it pertains to the developers, the complaint alleges that TRPA violated the Compact by "approving"[1] the development projects of Thomas Raley, Park Cattle Co., and Harvey's Wagon Wheel, Inc.
 
 
 3
 On remand from this court the appellees renewed their motions to dismiss, alleging various grounds. A hearing was held and additional briefing on the issue of standing to sue was requested. The district court then dismissed the action against the developer-appellees, in stating:
 
 
 4
 The corporate defendants and Thomas Raley have complied with every regulation and procedural step set forth either by TRPA or the counties. Yet, the corporate defendants and Raley find themselves embroiled in this proceeding in which nowhere is it alleged that they have failed to comply with every regulation in existence.
 
 
 5
 If there were elements of fraud or collusion, or a failure of the corporate defendants and Raley to comply with the procedural steps, then this Court would have no problems finding standing to sue. But the corporate defendants and Raley have in no way been involved in any unlawful activities to gain approval of their projects. They are entitled to place reliance upon the laws and regulations in effect. (C.R. 510-511)
 
 
 6
 As can be seen, the court's language has caused some confusion among the parties as to the exact basis upon which the dismissal was granted. Appellants, seizing upon the court's reference to standing to sue, contend that it was this basis upon which the court relied. On the other hand, Harvey's Wagon Wheel construes the court's language as meaning that the complaint fails to state a cause of action. In our view, the question to be resolved is whether the developers were proper parties permissibly joined within the meaning of Rule 20(a), Fed.Rules Civ.Proc., and, if so, whether the district court erred in dismissing these parties from the action.
 
 
 7
 We start with the premise that Rule 20, Fed.Rules Civ.Proc., regarding permissive joinder is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. Mosley v. General Motors Corp., 497 F.2d 1330 (8th Cir. 1974). As stated by the Supreme Court in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966):
 
 
 8
 "Under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."
 
 
 9
 383 U.S. at 724, 86 S.Ct. at 1138.
 
 
 10
 Rule 20(a) imposes two specific requisites for the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and (2) some question of law or fact common to all the parties will arise in the action. Wright & Miller, Federal Practice and Procedure: Civil § 1653.
 
 
 11
 The thrust of appellants' complaint is that TRPA has violated the requirements of the Compact in approving the developers' projects and that any construction undertaken on these projects will upset the ecology of the area. If appellants are successful in proving that TRPA acted illegally and that its approvals given should be declared invalid, then the appellants will have a right of relief against the developers to prohibit any construction on their projects. Appellants have asserted this right to injunctive relief in their complaint (C.R. 4, 58). It is also clear that the right to relief asserted against TRPA and the developers is related to or arises out of the same occurrence (i. e., TRPA's allegedly illegal approval given to developers' projects) and that questions of law or fact (the validity of TRPA's actions in giving their approvals) are common to both parties. Having satisfied the above requirements, the developers were properly joined under Rule 20 allowing permissive joinder.
 
 
 12
 We now must examine the purposes behind the permissive joinder rule to determine if the district court erred in dismissing the developers. As stated earlier, the primary purpose is to promote trial convenience and to prevent multiple lawsuits. We do not believe that these purposes will be served if the developers are dismissed from this action. The developers were present before the court and they do have an interest in this litigation in that their projects were approved by TRPA which may be declared invalid if appellants succeed on the merits. If the developers are not present before the court, they will not be bound by any decree of invalidity, thereby creating the possibility of future lawsuits.[2]
 
 
 13
 Moreover, it would appear that the developers were joined in order to afford complete relief to appellants if they are successful on the merits. If these developers are not joined, then, while the court battle over the approvals of the various construction projects is going on, the actual construction would be taking place. Thus the actual harm sought to be prevented, the upsetting of the ecological balance, would have already occurred, thereby denying appellants their requested relief, even if they are successful.
 
 
 14
 The district court's concern over the absence of any wrongdoing on the part of the developers is not controlling when balanced against the need to afford complete relief to a plaintiff when it is convenient to do so. In Beverly Hills Federal Savings & Loan v. Webb, 406 F.2d 1275 (9th Cir. 1969), a title company was joined as a defendant solely for the purpose of "facilitating" the enforcement of any orders that might be made. This court reversed the district court's dismissal of the title company and stated that it was "clear that a person may be joined as a party for the sole purpose of making it possible to accord complete relief between those who are already parties, even though no present party asserts a grievance against such party." 406 F.2d at 1279. Even though this statement dealt with former Rule 19(b), Fed.Rules Civ.Proc.,[3] we believe that its logic applies with equal force to the present case and also comports with the purpose behind the 1966 amendments, that being to "eliminate formalistic labels that restricted many courts from an examination of the practical factors of individual cases." Wright & Miller, Federal Practice and Procedure: Civil § 1601.
 
 
 15
 In summary, we believe that the developers were proper parties permissibly joined under Rule 20, Fed.Rules Civ.Proc., in order to properly afford complete relief to appellants. Such joinder in this case promotes trial convenience and prevents the possibility of multiple lawsuits. Accordingly, the district court's order dismissing Thomas Raley, Park Cattle Co., and Harvey's Wagon Wheel, Inc., is REVERSED.
 
 
 
 [1]
 Affirmative approval was given only to the project of Thomas Raley. TRPA, by a split vote, failed to approve the projects of Park Cattle Co. and Harvey's Wagon Wheel. By virtue of Article VI(k), this failure to approve or reject the projects is deemed as an approval. See People of St. of Cal., ex rel. Younger v. Tahoe Reg. P. Ag., 516 F.2d 215 (9th Cir.), cert. denied, 423 U.S. 868, 96 S.Ct. 131, 46 L.Ed.2d 97 (1975)
 
 
 [2]
 This possibility becomes more apparent when it is noted that the developers also claim the right to continue their projects under permits given by the county. Thus even if TRPA's actions are voided, another lawsuit will be necessary to decide the county permit question. This possibility will not occur if the developers remain as parties
 
 
 [3]
 Prior to its revision in 1966, Rule 19(b) read as follows:
 Rule 19. Necessary Joinder of Parties . . .
 (b) Effect of Failure to Join. When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court as to both service of process and venue and can be made parties without depriving the court of jurisdiction of the parties before it, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them as to either service of process or venue can be acquired only by their consent or voluntary appearance or if, though they are subject to its jurisdiction, their joinder would deprive the court of jurisdiction of the parties before it; but the judgment rendered therein does not affect the rights or liabilities of absent persons.