Evelyn M. SUMMY, Plaintiff-Appellee,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant-Appellant.

No. 81–3513.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 3, 1982.

Decided Sept. 27, 1982.

Patrick E. McBride, Seattle, Wash., for defendant-appellant.

Kenneth R. Ryder, Marion Polk Legal Aid Service, Salem, Or., for plaintiff-appellee.

Before SNEED, and SKOPIL, Circuit Judges, and STEPHENS *, District Judge.

SNEED, Circuit Judge:

This case involves the interrelationship of certain features of two federal programs, both of which are designed to provide income to individuals. The programs are the Supplemental Security Income (SSI) that provides payments based on disability and the Veterans Administration (VA) pension provisions. The issue is whether reimbursement by the VA of unusual medical expenses received by the appellee Summy, pursuant to 38 U.S.C. § 503(a)(8) and 38 C.F.R. § 3.272(g)(2) (1980), constitutes "income" for purposes of computing appellee's SSI entitlement. Should it do so appellee would be entitled to less than would otherwise be the case. The district court entered summary judgment in favor of the appellee. The Secretary of the Department of Health and Human Services (Secretary) appeals and we affirm the judgment of the district court.

### I.

### FACTS

Appellee receives a VA pension. In 1977 appellee incurred unusual medical expenses and submitted a claim to the VA in the amount of $286.32 with respect to such expenses. · The claim was based on the ground that, in determining a pensioner's annual income which is required to be subtracted from the amount of the pension to which he would otherwise be entitled, certain unreimbursed medical expenses will be treated so as, in effect, to reduce the pensioner's annual income and accordingly increase the amount of pension to which the pensioner is entitled. The statute and regulation accomplish this by providing that certain unreimbursed medical expenses are not a part of the pensioner's "annual income" by which his pension is reduced. See 38 U.S.C. § 503(a)(8); 38 C.F.R. § 3.272(g)(2) (1980). In early 1978 the appellee received from the

VA in response to his claim a lump sum check for $286.32.

The Secretary, in computing appellee's SSI entitlement, included this amount in appellee's income received during the first quarter of 1978, with the result that appellee received no SSI payment with respect to that quarter. Appellee lodged an administrative appeal but the Appeals Council of the Social Security Administration affirmed the Secretary's decision. Appellee brought this action in the district court to review the Secretary's decision · pursuant to 42 U.S.C. § 1383(c)(3).

### II.

### ANALYSIS

The Secretary's position is quite simple. The VA pension includes the medical expense reimbursement of $286.32. Pensions are income for purposes of computing SSI benefits. 42 U.S.C. § 1382(a)(2)(B); 20 C.F.R. § 416.1130(d) (1980). Therefore, the denial of SSI payments to the appellee during the first quarter of 1978 was proper.

The appellee challenges the Secretary's major premise. The VA pension does not include the medical expense reimbursement. The appellee, in effect, reasons, that the characterization of an item for SSI purposes turns on statute and regulations applicable to SSI payments and not those applicable to VA pensions. SSI regulations, the appellee insists, clearly provide that "income" does not include "the value of any third party payment for medical care or medical services furnished to a beneficiary." 20 C.F.R. § 416.1109(a) (1980). Moreover, such payments do not come within the definition of "income" provided by the regulations. That definition is that "income" is the "receipt by an individual of any property or service which he can apply, either directly or by sale or conversion, to meeting his basic needs for food, clothing, and shelter." 20 C.F.R. § 416.1102 (1980). Therefore, the appellee insists that the $286.32

---

\* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central

District of California, sitting by designation.

must be treated for what it was, *viz.,* a third party payment for medical services furnished to the appellee.

The issue before us resembles those familiar examples of Gestalt psychology that one encounters while in school. Viewed one way the appellee's pension was augmented with funds which when received were as spendable as any other dollar of the pension. Viewed another way the appellee merely was reimbursed for expenditures previously made over which there was little control and which could not have been used to meet the "basic needs for food, clothing and shelter." Neither view is "wrong." Our choice is simply between the interpretation of the Secretary, to which we should accord substantial weight (*see Udall v. Tallman,* 380 U.S. 1, 16-17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965)), and that which we believe best advances the purposes of the SSI program.

The latter is our choice. We believe that refraining from diminishing the SSI payments under the circumstances of this case is more congruent with the policy of not regarding as income the reimbursement of special medical expenses which ordinarily must be treated as having been made involuntarily. This policy is recognized by both the SSI and VA programs. Our holding permits each to give effect to this common policy.

Courts have carefully examined when the receipt of an item of value by an SSI beneficiary constitutes income which is actually available to meet the beneficiary's basic needs. In *Whaley v. Schweiker,* 663 F.2d 871, 874–75 (9th Cir. 1981), we held that pension benefits intended for support of a beneficiary's minor children were not income to the beneficiary, despite the fact that the childrens' benefits were made payable to the beneficiary. *Accord Tsosie v. Califano,* 651 F.2d 719, 722–23 (10th Cir. 1981). *See also Jackson v. Schweiker,* 683 F.2d 1076 (7th Cir. 1982) (holding full value of rent reduction not necessarily all income to SSI beneficiary). We similarly examined Summy's receipt of benefits realistically in light of the circumstances of her case.

The Secretary argues that our holding will impose substantial administrative difficulties on the administration of the SSI program. That it will impose some difficulties must be acknowledged. However, we are not convinced they will be substantial. The Secretary is entitled to require that an SSI recipient demonstrate by adequate proof that a receipt is not "income" for SSI purposes. We are not holding that all items "not income" for VA purposes are also "not income" for SSI purposes. Our holding is limited to those items which qualify as a "third party payment for medical care or medical services furnished to a beneficiary," under 20 C.F.R. § 416.-1109(a) (1980). So limited our holding will not impose substantial administrative difficulties.

AFFIRMED.