Vanetta PEFFERS, et al., Plaintiffs,

v.

Rose BOWMAN, in her official capacity as Director of Department of Health and Welfare, State of Idaho, et al., Defendants.

Civ. No. 84–3017.

United States District Court, D. Idaho.

Dec. 26, 1984.

Randall Robinson, Lewiston, Idaho, Jane Newby, Caldwell, Idaho, Idaho Legal Aid Services, Inc., for plaintiffs.

Jeffrey Howe, Asst. U.S. Atty., Boise, Idaho, for Federal defendant.

Janice Kroeger, Deputy Atty. Gen., Dept. of Health & Welfare, Coeur d'Alene, Idaho, for State defendant.

## MEMORANDUM OPINION

RYAN, District Judge.

Previously, the court entered an order granting the plaintiff class's requested preliminary injunction. The court enjoined Defendant Rose Bowman, Director of the State of Idaho Department of Health and Welfare (the State), from implementing eligibility regulations for the Medicaid program which take into account reimbursements of unusual medical expenses paid by the Veterans Administration (VA) to members of the plaintiff class in the form of increased pension benefits pursuant to 38 U.S.C. § 503(a)(8) and 38 C.F.R. § 3.272(g)(2) (1980).

Following the entry of the preliminary injunction, plaintiff class moved the court for an order granting summary judgment and an order entering a permanent injunction. The federal defendant, Margaret Heckler, Secretary of the United States Department of Health and Human Services (Secretary), opposed plaintiffs' motion and filed her cross-motion for summary judgment. The State has not filed any motions or responded to the plaintiff class's motion for summary judgment and permanent injunction. The State has, in the past, acquiesced in and adopted the position asserted by the Secretary. Oral argument on these pending motions was scheduled and entertained by the court. The court has reviewed the pleadings, briefing and affidavits on file and has fully considered the arguments of counsel.

The issue before the court, simply stated, is whether reimbursed unusual medical expenses paid to members of the plaintiff class by the VA as part of their VA pension should be counted as "income" for purposes of Medicaid eligibility. The resolution of this issue is dictated by the Secretary's regulations and by Ninth Circuit case law.

The Secretary's regulations provide that income that would be disregarded in determining eligibility for Supplemental Security Income (SSI) must also be disregarded when determining Medicaid eligibility. 42 C.F.R. § 435.722(b) (1983). If an income source is not counted as "income" for the SSI program, then it may not be counted as "income" for the Medicaid program. In *Summy v. Schweiker*, 688 F.2d 1233 (9th Cir.1982), the Ninth Circuit addressed the issue of whether identical reimbursed unusual medical expenses were income for purposes of the SSI program. The Ninth Circuit, relying upon the congressional purpose and intent behind the SSI program and upon the definition of what is "not income" as promulgated by the Secretary in 20 C.F.R. § 416.1109(a) (1980), determined that these reimbursed medical expense payments were "not income" for purposes of SSI eligibility. Given the Secretary's regulation imputing the SSI program's definition of income to the Medicaid program, the court must hold that these reimbursed unusual medical expenses are "not income" for purposes of determining Medicaid eligibility.

The Secretary, though conceding the holding in *Summy*, argues that *Summy* is inapplicable to the case at hand. Specifically, the Secretary maintains that the *Summy* decision turned upon a prior definition of what did not constitute income for purposes of SSI eligibility. The Secretary argues that this regulation has been substantially changed and recodified.[1] Since the *Summy* decision construed the meaning of the prior regulation, the Secretary argues that its analysis is inapplicable to the facts presently before the court and should be narrowly confined to the circumstances surrounding *Summy*. While the court is aware that the regulation in question has been changed, the court has reviewed that change and determines that it has not altered the definition of what does not constitute income for purposes of SSI eligibility. Apparently, the Secretary is in agreement with this interpretation. She stated in the preamble to the new codification of the income regulation:

(1) given to you free of charge or paid for directly to the provider by someone else;
(2) Room and board you receive during a medical confinement;
(3) Assistance provided in cash or in kind (including food, clothing, or shelter) under a Federal, State, or local government program, whose purpose is to provide medical care or services (including vocational rehabilitation);
(4) In-kind assistance (except food, clothing, or shelter) provided under a nongovernmental program whose purpose is to provide medical care or medical services;
(5) Cash provided by any nongovernmental medical care or medical services program or under a health insurance policy (except cash to cover food, clothing or shelter) if the cash is either:
(i) Repayment for program-approved services you have already paid for; or
(ii) A payment restricted to the future purchase of a program-approved service.

---

1. In 1980, the Secretary's regulations found at 20 C.F.R. § 416.1109(a) (1980) read as follows:

*Medical services.* The term "income" does not include the value of any third-party payment for medical care or medical services furnished to a beneficiary. This exclusion from income also applies to room and board furnished during medical confinement and paid for by such third party.

In 1981, the Secretary promulgated new regulations defining what was "not income" for purposes of SSI eligibility. The new regulations were codified at 20 C.F.R. § 416.1103, and provided:

Some things you receive are not income because you cannot use them as food, clothing, or shelter, or use them to obtain food, clothing, or shelter. In addition, what you receive from the sale or exchange of your own property is not income; it remains a resource. The following are some items that are not income:

(a) *Medical care and services.* Medical care and services are not income if they are any of the following:

The legal aid group questioned § 416.-1103(a) and (b) which explain when medical care and services and social services were not income. They believe we have made the revised rules more restrictive. This was not our intent and we have rewritten these provisions to make it clear that the policy has not been changed.

45 Fed.Reg. 65543 (1980).

Based on the foregoing, it is clear that the Secretary's own interpretation of her regulations is consistent with a holding finding that the reimbursed unusual medical expenses are "not income" for purposes of Medicaid eligibility. They would not have been under the *Summy* rationale. Since it is the Secretary's position that her "policy" has not changed, it follows that reimbursed unusual medical expenses must remain not includable as an income source for purposes of either SSI or Medicaid eligibility.

Based on the foregoing, this court finds that a permanent injunction prohibiting the State from implementing eligibility regulations for Medicaid inconsistent with this opinion, should issue.

Turning now to the Secretary's motion for summary judgment, the issue is somewhat different. At issue here is whether the court's injunctive power should be exercised to restrain the Secretary from requiring, as a condition precedent to financial assistance, the State's adoption of the eligibility criteria urged by the Secretary. Presently, only the plaintiff class seeks such an injunction. The State has not sought such relief.

■ In support of their position, plaintiff class cites *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir.1977), for the proposition that the Secretary is correctly joined as a party defendant. In addition, plaintiff class cites *Kozera v. Spirito*, 723 F.2d 1003 (1st Cir.1983), for the proposition that this court may issue the requested injunction under the facts at bar. This court has no quarrel over the joinder of the Secretary as a party defendant. The Federal Rules of Civil Procedure encourage liberal joinder of parties to effectuate judicial economy and to allow courts to fashion complete relief. However, the question of whether the Secretary has been misjoined is fundamentally distinguishable from whether this court should exercise its equitable power to enjoin the Secretary. That issue was more specifically dealt with in the *Spirito* case.

■ The court has reviewed *Spirito* and finds that it is distinguishable from the facts at bar. In *Spirito*, though the underlying facts were somewhat similar in nature to the facts presently before the court, it should be noted that it was the State defendant who filed a third-party complaint requesting injunctive relief against the federal defendant. Such a course of action was only proper since it was the State who ultimately would be harmed if the federal government halted funding for the State-administered program. In this case, the court has determined to enjoin the State from adopting the eligibility regulations pressed by the Secretary. Having so done, the State will be required to provide the benefits authorized by the Medicaid program. If the Secretary chooses to undertake a compliance review of the State's program with an eye towards halting federal funding, it is the State who would then be in the best position to pursue equitable relief against the Secretary. In this situation, it would be the State who ran the risk of financial injury. Members of the plaintiff class would run only an indirect risk of financial distress.

In addition, the court notes that only the State defendant has been preliminarily enjoined under the provisions of the preliminary injunction. The Secretary has been free since that date to initiate a compliance review of the State's program. There is nothing before the court which indicates that the Secretary has undertaken such a course of action. It would be mere speculation at this point to assume the Secretary will undertake a compliance review. Under these circumstances, the court would be in error in finding that the alleged threat of

the Secretary has the immediacy required to allow this court to grant the requested injunction against the Secretary. In the event the Secretary moves to halt State funding, the State will be in an adequate position to protect its interests. An order consistent with the foregoing will be entered.