UNITED STATES, PLAINTIFF *v.* GOLD MOUNTAIN COFFEE, LTD., ET AL., DEFENDANTS

Court No. 84–6–00858

Before RESTANI, *Judge.*

(Decided January 16, 1985)

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, *Kevin C. Kennedy,* Civil Division, United States Department of Justice, for plaintiff.

*Barnes, Richardson & Colburn (Andrew P. Vance, Michael A. Johnson, John J. Galvin* and *Carl J. Laurino, Jr.),* and *Kaplan, Russin, Vecchi, Eytan & Collins (Mattaniah Eytan),* for defendants.

RESTANI, *Judge:* This matter is before the court on plaintiff's motion, pursuant to Rules 7, 15(a), 20 and 21 of the Rules of this court,[1] for leave to amend its amended complaint. Leave is sought to add as a party defendant, Boustead Commodities Limited ("Boustead") and to include allegations of an additional violation of § 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (1982),[2] and of 19 U.S.C. § § 1484 and 1485 (1982)[3] by all defendants.[4]

The amended complaint alleges that defendants improperly labeled Indonesian coffee as coming from China, thereby violating 19 U.S.C. § 1592. Now plaintiff, in its proposed "First Amended Complaint", alleges that defendants submitted a false declaration showing routings of the coffee from the People's Republic of China to Hong Kong and then to Oakland, when in fact the coffee had been

---

[1] Defendant Teck Hock asserts that Rule 19 applies to plaintiff's request that Boustead Commodities Limited be added as a party defendant. Rule 19 does not apply here because Boustead is not needed for just adjudication of this action. Full relief among the original parties may be afforded without the addition of Boustead.

[2] 19 U.S.C. § 1592 (1982) provides for penalties for fraud, gross negligence, and negligence in the entering, introduction or attempt to enter or introduce merchandise into the commerce of the United States.

[3] 19 U.S.C. § § 1484 and 1485 (1982) provide procedures for importation of merchandise into the United States.

[4] Plaintiff also seeks leave to amend to charge defendant Gold Mountain Holdings with a violation of 19 U.S.C. § § 1484 and 1592 because defendant is allegedly not an owner or broker of the subject coffee beans and therefore is not entitled to enter merchandise into the United States under § 1484 as an "importer of record." Plaintiff later consented to striking this portion of its complaint when plaintiff responded to defendant Teck Hock's motion to strike. Consequently, the court stuck this portion of the amended complaint in its order of January 4, 1985 in this action.

routed from Singapore to Hong Kong and then to Oakland. This routing information, plaintiff claims, is a material violation of 19 U.S.C. § § 1484 and 1485 in that the Customs Service would have more closely scrutinized the entries had a routing from Singapore been disclosed at the time of entry.

In addition to alleging further misdeeds by defendants, plaintiff seeks leave to amend its amended complaint to name Boustead, a British company, as an additional party defendant, alleging the same violations as have been alleged against the other defendants. Defendant Teck Hock purportedly owns a 20 percent equity interest in Boustead and Teck Hock consigned the subject coffee to Boustead. Boustead in turn consigned the coffee to Defendant Gold Mountain Coffee, Ltd.

Plaintiff's original complaint in this action was filed on June 19, 1984. Trial is scheduled to commence February 25, 1985.

Rule 15(a) of the Rules of this court provides that leave to amend pleadings "shall be freely given when justice so requires." *See* 6 C. Wright and A. Miller, Federal Practice and Procedure § 1484 at 417 (1971). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman* v. *Davis,* 371 U.S. 178, 182 (1962); *see Zenith Radio Corp.* v. *United States,* 4 CIT 202, 203 n.1 (1982). In the absence of such concerns as undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party or futility of amendment, leave to amend, as the rules require, should be "freely given." *Foman* at 182.

Defendant Teck Hock argues that the court should not exercise its broad discretionary power to grant leave to amend the complaint because plaintiff's additional allegations are allegedly meritless (and therefore futile) and would result in delay of this action (thereby prejudicing the parties responding to the amended pleading). Defendant Teck Hock asserts that plaintiff's allegations regarding the routing of the coffee are immaterial and that the addition of Boustead as a defendant is unnecessary. Defendant further asserts that plaintiff fails to sufficiently particularize the circumstances of the fraud alleged, as required by Rule 9(b), and that this court lacks personal jurisdiction over Boustead.

Contrary to the first of defendant Teck Hock's assertions, the court finds that plaintiff's additional claims against defendants and Boustead are not patently futile or meritless. False statements regarding routing may or may not prove to be material. Defendant, in its current filings, attempts to argue the merits of plaintiff's allegations. Opposition to the motion for leave to amend is not the appropriate vehicle for addressing the merits of these claims. *See WIXT Television, Inc.* v. *Meredith Corp.,* 506 F.Supp. 1003, 1010 (N.D.N.Y. 1980). In addition, there is no indication that plaintiff's amendments will delay progress in resolving this matter or will

prejudice defendants. Plaintiff has time to serve Boustead before trial and Boustead has had notice of these proceedings. If, as this case progresses, it becomes apparent that the addition of Boustead as a party defendant will result in delay, the court will consider severing the claims against Boustead. Furthermore, the addition of Boustead is in the interest of completeness and judicial economy and is fully in accord with Rules 20 and 21. Rules 20 and 21, involving, *inter alia,* the addition of parties, are to be construed liberally in order to promote complete resolution of disputes, thereby preventing multiple lawsuits. *See League to Save Lake Tahoe* v. *Tahoe Regional Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1977); *Helene Curtis Industries* v. *Sales Affiliates,* 105 F.Supp. 886, 900 (S.D.N.Y.), *aff'd,* 199 F.2d 732 (2d Cir. 1952) (both discussing the analogous Fed. R. Civ. P. rules).

The court agrees with Teck Hock that plaintiff's claims aganst Boustead are not sufficiently particular to constitute a proper fraud complaint. Allegations that Boustead "aided and abetted" the alleged violations do not adequately describe Boustead's connection to the violations. But plaintiff alleges gross negligence and negligence against Boustead in addition to fraud charges. Thus, even though the claims are insufficiently particular for fraud purposes, they are still sufficient for negligence purposes.[5]

By allowing plaintiff to amend the complaint to add Boustead as a defendant, the court is not deciding whether or not the court has jurisdiction over Boustead. The court finds, however, that plaintiff has made allegations which, if true, might lead to a finding that assertion of jurisdiction over Boustead would satisfy traditional notions of fairness.[6] Therefore, it would not be in the interest of justice to summarily deny the addition of Boustead as a party. The court will address the matter of this court's jurisdiction over Boustead if an appropriate motion is filed with the court.

In conclusion, the court has not been presented with sufficient reason to refuse to grant plaintiff's leave to amend the complaint.

Accordingly, plaintiff's motion to amend its complaint is granted. Plaintiff is hereby

ORDERED to file within 10 days of this Order a first amended complaint consistent with this decision and this court's January 4, 1985 order to strike matter from the amended complaint.

---

[5] Plaintiff may allege Boustead's connection to the violations with more particularity in its new amendment.

[6] *Oxford First Corp.* v. *PNC Liquidating Corp.,* 372 F.Supp. 191 (E.D. Pa. 1974) dealing with a federal district court's exercise of personal jurisdiction based on extraterritorial (nationwide) service power in a securities case, is a useful analogy. There the court, unlike this one, was a court which normally operates within restricted territorial limits within the United States. In exercising jurisdiction under the exceptional service of process procedures applicable to the enforcement of the securities laws, the court applied a multipart test to determine whether assuming jurisdiction satisfied basic concepts of fairness. Although minimum contacts and other considerations raised by constitutional due process requirements were applied as a matter of fairness, the application of the test was not based on a constitutional requirement of due process. Whatever the reason for its application, a basic fairness test should be applied in order to determine whether personal jurisdiction over Boustead should be assumed.