Richard H. French, Jr., French & Associates Co., Berea, Ohio, for plaintiffs.

Michael E. Brittain, Kathryn K. Vanderwist, Calfee, Halter & Griswold, Cleveland, Ohio, for defendants.

**Sandra Rae DENT, William Dennis Dent, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Thomas Bailey, Jr., Does I–X, Inclusive, Defendants.**

No. C88–2443.

United States District Court, N.D. Ohio, E.D.

Oct. 31, 1988.

MEMORANDUM OF OPINION RE: OVERRULING DEFENDANT ALL-STATE'S MOTION TO STRIKE OR DISMISS AND GRANTING PLAINTIFFS' MOTION TO REMAND

KRENZLER, District Judge.

This matter is before the Court upon plaintiffs, Sandra Rae Dent's and William Dennis Dent's, motion to remand. In response, defendant Allstate Insurance Company (Allstate) filed a motion to strike plaintiffs' first amended complaint or, in the alternative, to dismiss the non-diverse defendants. For the following reasons, plaintiffs' motion to remand shall be granted and Allstate's motion to strike or to dismiss non-diverse defendants shall be overruled.

Plaintiffs instituted this action in the Lorain County Court of Common Pleas, naming only Allstate as a party defendant. Plaintiffs filed a four-count complaint alleging that they entered into a contract of insurance with Allstate which provided coverage for injury caused by an uninsured motorist. They further alleged that Sandra Dent was subsequently injured in an

automobile accident negligently caused by Thomas Bailey, an uninsured motorist. Finally, plaintiffs alleged that Allstate failed to pay them under the terms of the insurance contract.

Allstate removed the action to this Court based on diversity of citizenship alleging that plaintiffs are both Ohio citizens and Allstate is a citizen of Illinois. After the case was removed, plaintiffs filed an amended complaint as of right pursuant to Fed.R.Civ.P. 15(a). In the amended complaint, plaintiffs added a fifth count against the alleged tortfeasor, Thomas Bailey. Bailey is allegedly a citizen of the state of Ohio.

In their motion to remand, plaintiffs argue, among other things, that the presence of Bailey as a party defendant destroys diversity. Allstate concedes that diversity is destroyed if Bailey remains a party. However, Allstate argues that after a case has been properly removed, plaintiff may not add a non-indispensible non-diverse party defendant and that as to plaintiffs' claim as set forth in their original complaint, Bailey is not indispensible. Allstate essentially argues that the joinder of Bailey was therefore improper and urges this Court to strike plaintiffs' claim against Bailey or dismiss Bailey from this action. Thus, the issue is whether Bailey is an indispensible party and, if so, whether this Court retains subject matter jurisdiction.

The general rule is that subject matter jurisdiction over a removed case is to be measured at the time of removal. However, it is incumbent upon the defendant to show the continued existence of jurisdiction during the course of the proceedings. *Steel Valley Authority v. Union Switch & Signal Division*, 809 F.2d 1006, 1010 (3d Cir.1987). Where diversity is destroyed by the joinder of an indispensible party, the case must be remanded. *Id.; see also Desert Empire Bank v. Insurance Company of North America*, 623 F.2d 1371 (9th Cir.1980) (joinder of non-diverse proper party requires remand).

In the case at bar, it is undisputed that had plaintiffs originally filed their amended complaint in the state court, this case could not have been removed. In this light, it is noted that as to plaintiffs' original four-count complaint, Bailey is not an indispensible party. However, plaintiffs' five-count amended complaint, filed as of right, is the complaint presently before this Court and, for purposes of plaintiffs' motion to remand, it is the amended complaint that must be considered. As to the amended complaint, Bailey is indispensible. The fact that this Court could bifurcate plaintiffs' claim for trial does not alter this conclusion. Thus, based on plaintiffs' amended complaint there is no diversity of citizenship and this Court lacks subject matter jurisdiction.

In accordance with the foregoing, this Court shall grant plaintiffs' motion, overrule Allstate's motion and remand this case to the Lorain County Court of Common Pleas. Since the joinder of Bailey destroys diversity, this Court need not address the other issues raised by the parties.