[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.12-13352
Non-Argument Calendar

_____

D. C. Docket No. 9:87-cv-12020-DMM

REBECCA MITSON,
MARILYN JONES,

Plaintiffs-Appellants,

ELIZABETH RUBINO, et al.,

Plaintiffs,

versus

SECRETARY, DEPARTMENT OF HEALTH AND
REHABILITATIVE SERVICES,
SHEFFIELD V. KENYON,
SECRETARY, FLORIDA DEPARTMENT OF CHILDREN AND
FAMILIES,

Defendants-Third Party
Plaintiffs-Appellees,

UNITED STATES OF AMERICA,

Third Party Defendant.

———————

Appeal from the United States District Court
For Southern the District of Florida

———————

(December 26, 2012)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

As stated in Appellant, Irene Czajkowski's ("Czajkowski"), appellate brief, the issue presented in this appeal is whether the district court abused its discretion in denying Czajkowski's Motion to Reopen the Case of *Mitson By and Through Jones v. Coler*, 674 F. Supp. 851 (S.D. Fla. 1987), in which the district court prohibited the State of Florida from counting as "income" unreimbursed medical expenses awarded under the Veterans Administration Improved Pension Benefits Program.

In her suit, Czajkowski seeks to be appointed as a new class representative, and she seeks the district court's assistance in enforcing the permanent injunction issued in *Mitson*.

We review the denial of a motion to reopen a case for an abuse of discretion. *See Jiang v. U. S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009) (immigration

2

context).  A district court "abuses its discretion when its equitable decision is based on an error of law or a clearly erroneous factual finding."  *Labor/Community Strategy v. Los Angeles County Metro. Transp. Auth.*, 564 F.3d 1115, 1119-20 (9th Cir. 2009); *Kenney v. United States*, 458 F.3d 1025, 1032 (9th Cir. 2006).

After reviewing the record and reading the parties' briefs, we conclude that there is no abuse of discretion by the district court in failing to reopen the case and in denying Czajkowski's right to intervene and enforce the permanent injunction. As the district court correctly held, "*even if* Czajkowski could be appointed class representative, she failed to establish that defendants are not in compliance with a permanent injunction issued in *Mitson*."  [R. Vol. 4 Doc. 194 at 2.]  Moreover, the district court correctly found that Czajkowski's grievances with the Department of Children and Families fell squarely outside the scope of the permanent injunction issued in *Mitson*.  Because the 1987 order in *Mitson* did not address the subject of her claim, her motion to legally reopen and for a show cause order is legally insufficient.  Additionally, we conclude from the record that the district court properly denied Czajkowski's motion to intervene as a representative class plaintiff because the interest she wanted to assert fell outside the scope of the 1987 order in *Mitson.*

Accordingly, because  we find no merit to any of the arguments Czajkowski makes in this appeal, we affirm the district court's orders denying Czajkowski's motion to reopen the case and denying Czajkowski's motion to alter or amend the district court's order denying the motion to reopen the case.

**AFFIRMED.**

4