FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 04 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT BISHOP, | No. 14-15145 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00094-SAB |
| v. | |
| KELLY HARRINGTON, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley A. Boone, Magistrate Judge, Presiding[**]

Submitted November 18, 2014[***]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judge.

California state prisoner Robert Bishop appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging retaliation, due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Bishop consented to proceed before a magistrate.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process, and deliberate indifference claims against numerous defendants at two different prisons. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision regarding joinder, but review de novo the legal conclusions underlying that decision. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). We vacate and remand.

Although the district court properly concluded that Bishop's action did not meet the requirements of Fed. R. Civ. P. 20(a)(2), the district court abused its discretion in dismissing Bishop's action because misjoinder of parties is not a proper ground for dismissing an action. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). Accordingly, we vacate and remand to the district court for further proceedings, including possible severance of Bishop's Eighth Amendment claims arising out of the conditions of his confinement at Corcoran, and Bishop's due process claims arising out of his allegedly illegal transfer to Corcoran.

The district court did not abuse its discretion in denying Bishop's motions for appointment of counsel because Bishop did not demonstrate exceptional

circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)

(identifying the standard of review and explaining exceptional circumstances

requirement).

**VACATED and REMANDED.**