**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for the Landmark Bank, Plaintiff,**

v.

**Robert H. HAINES, III and Theodore N. Kaplan, et al., Defendants.**

No. Civ. 3:94CV0473(AVC).

United States District Court, D. Connecticut.

Sept. 9, 1997.

## *RULING ON THE DEFENDANTS' MOTIONS TO CITE IN ADDITIONAL DEFENDANTS*

COVELLO, Chief Judge.

This is an action for damages in which the plaintiff, the Federal Deposit Insurance Corporation ("FDIC"), as the receiver for the Landmark Bank ("Landmark"), alleges that the defendants, Robert Haines, et al., were negligent, grossly negligent, and breached their fiduciary duty with respect to their management and operation of the failed bank. It is brought pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), Pub.L. 101–73, 103 Stat. 183. On September 30, 1996, the defendant, Theodore N. Kaplan, filed a motion to cite in two additional defendants pursuant to FED.R.CIV.P. 19, 20 and 21. Thereafter, on June 6, 1997, the defendants, Parotta, Economous, Shelton, Stevenson, Redden and Kaplan filed a motion to cite in six additional party defendants pursuant to FED.R.CIV.P. 19, 20 and 21. The defendants moved to cite in additional defendants for the purpose of apportioning liability pursuant to CONN.GEN.STAT. § 52–572h. CONN.GEN.STAT. § 52–572 provides, in relevant part: "[i]n a negligence action to recover damages ... each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages ..."

For the reasons that follow, the motions to cite in additional defendants are denied. Document nos. 377 & 549.

## STANDARD OF REVIEW

FED.R.CIV.P. 19(a) provides for the joinder of a party whose presence is necessary and indispensable for a just adjudication of the claims presented.

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the persons absence complete relief cannot be accorded among those already parties ...

FED.R.CIV.P. 20(a) provides for the permissive joinder of additional parties. "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

FED.R.CIV.P. 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."

## DISCUSSION

The motions to cite in additional defendants are denied because: (1) they are untimely and would prejudice the parties; and (2) they are not in compliance with the court's order on pretrial deadlines.

A. Prejudice to Parties.

■ The defendants seek to cite in the additional defendants for the purpose of apportionment of liability pursuant to CONN. GEN.STAT. § 52–572h. The defendants do not argue that the proposed additional defendants are necessary defendants within the meaning of FED.R.CIV.P. 19(a), but rather

that their presence is necessary to "ensure that no defendant pays more than his or her fair share of damages should there be an ultimate determination of liability." The defendants right to apportionment of liability pursuant to CONN.GEN.STAT. § S2–572(h), however, does not make a proposed additional party indispensable within the meaning of Rule 19. See *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, 821 F.Supp. 232, 260 (D.Del.1992) ("a defendant's right to contribution or indemnity from an absent party who may be jointly liable does not render the absentee an indispensable party under Rule 19."). The court therefore concludes that FED.R.CIV.P. 20 and 21, and not Rule 19, govern the defendants' motions to cite in additional parties.

 "The provisions for permissive joinder under Rule 20 are very broad and the court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice." *Arrington v. City of Fairfield*, 414 F.2d 687, 693 (5th Cir.1969). "Joinder upon motion under Rule 21 is a matter within the court's discretion." *Kingsford v. Maryland National Bank*, 1992 WL 309784 (S.D.N.Y.1992).

██ Since the filing of the complaint on March 25, 1994, the parties have repeatedly moved to add additional defendants to this action.[1] On November 8, 1995, the court appointed Special Master Howard R. Sacks to supervise the intensive, expensive and contentious discovery among the twenty four parties listed on the court's docket sheet. Document no. 171. As of August 26, 1997, 587 motions, memorandums and orders have been filed in this matter. Jury selection for this matter is scheduled for October 1997.

The court concludes that the addition of these proposed defendants would cause prejudice, expense and delay to all the parties in this case. "To rule otherwise would open a Pandora's Box of discovery, further protracting an already unduly distended case." *Barr*

*Rubber Products Company v. Sun Rubber Company*, 425 F.2d 1114, 1127 (2d Cir.1970). See also *The Connecticut Light & Power Company v. Knight*, 1993 WL 541627, Superior Court, judicial district of Windham (Dec. 16, 1993, Potter, J.) ("Will the pleadings ever be closed? Not only does a cited in defendant's ability to defendant itself diminish significantly with the passage of time, but also the likelihood that such motions to cite in additional defendants are in fact meritless attempts to avoid liability increases similarly.")

**B. Noncompliance with Order on Pretrial Deadlines.**

The FDIC commenced this suit on March 25, 1994. The court's order on pretrial deadlines, issued on March 25, 1994, provided that: **"All motions relating to joinder of parties,** claims or remedies, class certification, and amendment of the pleadings **shall be filed within 60 days after the filing of the complaint,** the filing of a petition or removal or the transfer of an action from another district." (emphasis added) Document No. 2. The court has granted numerous extensions of time to allow the parties to continue discovery and to file dispositive motions. The parties have never requested and the court has never ordered an extension of time to file a motion relating to the joinder of additional parties. Based upon all of the foregoing reasons, the motions to cite in additional parties are denied.

### CONCLUSION

For the foregoing reasons, the defendants' motions to cite in additional parties are denied. Document nos. 377 & 549.

---

1. On June 20, 1995, the defendants moved to cite in the National Union Fire Insurance Company and the Hannon Group, Inc., as party defendants. On July 17, 1995, the defendants moved to cite in Arthur Anderson & Co. as a party defendant. On March 27, 1996, the defendants moved to cite in the Gary S. Blonder and Preston F. Harding as party defendants. On July 1, 1996, the defendants moved to cite in Levy & Droney as a party defendant. Despite the expiration of the deadline for filing motions to join parties, the court granted each of these motions.