**LANDMARK DEVELOPMENT GROUP, Plaintiff,**

v.

**JEG HOLDINGS, INC., Defendant.**

**No. 3:98CV01172 WWE.**

United States District Court,
D. Connecticut.

March 24, 1999.

*RULING ON DEFENDANT'S MOTION TO JOIN ADDITIONAL PARTIES*

EGINTON, Senior District Judge.

This case arises out of defendant's refusal to sell plaintiff a parcel of real property. The plaintiff has made claims for breach of contract, detrimental reliance, and specific performance. The defendant answered and counterclaimed, alleging that the plaintiff had violated CUTPA and committed fraud or misrepresentation.

At present, defendant seeks to add Glenn Russo and Gus Demady, who are employees of the plaintiff, and Michael Dowley, plaintiff's attorney, as party defendants to its CUTPA and misrepresentation counterclaims.

## BACKGROUND

On July 2, 1998, this Court held a hearing at defendant's request to remove a lis pendens from the property. The Court denied the motion to dissolve the lis pendens and noted the need for timely resolution of the case. A jury was selected on July 13, 1998, and the case was set to commence trial on August 7, 1998.

However, on the day of jury selection, the defendant's attorney informed the Court that it might call plaintiff's attorney as a witness. Prior to that date, Attorney Dowley had no notice that the defendant might call him as a witness.

The parties agreed that the defendant would conduct immediate discovery on this issue. Defendant was to file a motion to disqualify Attorney Dowley within seven days if it planned to call him as witness. No motion was filed within that time.

The trial dates were continued as the parties attempted unsuccessfully to settle the case. On October 13, 1998, a status conference was held to schedule new trial dates. At the conference, defendant's attorney, who had recently replaced defendant's prior counsel, informed the Court that a lengthy delay was necessary because the defendant planned to file a new counterclaim naming Attorney Dowley as a party. Defendant's attorney did not mention that it also planned to name Russo or Demady as parties to its counterclaims.

Consequently, no trial date was set, and the plaintiff hired Carmody & Torrance to replace Attorney Dowley pending resolution of this issue.

On November 11, 1998, defendant filed a motion to add Dowley, Russo and Demady as third party defendants, which motion was

denied due to non-compliance with Local Rule 9(a)(1). More than two months later, on January 20, 1999, the defendant filed this motion to join Dowley, Russo and Demady as additional parties.

## DISCUSSION

■ Defendant seeks to join the additional parties pursuant to Rule 20 of the Federal Rules of Civil Procedure, which allows for permissive joinder of additional parties. The provisions for permissive joinder are very broad and subject to the court's discretion to prevent delay or prejudice. *FDIC v. Haines,* 179 F.R.D. 66, 68 (D.Conn.1997) (denial of motion for joinder where case was ready for trial).

■ A district court may deny a motion for joinder where the addition of the defendants would cause prejudice, expense, and delay by opening up a "Pandora's box" of discovery. *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1127 (2d Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970). A court may also consider the motive of the party moving for the joinder of additional parties. *Desert Empire Bank v. Ins. Co. Of North America,* 623 F.2d 1371, 1375 (9th Cir.1980).

■ To date, the defendant has already significantly delayed the resolution of this case. Defendant did not file a proper motion for joinder of additional parties until January 20, 1999, more than three months after it informed the Court on October 13, 1998 of its intent to add Attorney Dowley as a defendant. The addition of parties to this case may result in even more delay due to additional discovery needs and because each individual defendant will need adequate time to prepare a defense.

Additionally, if Attorney Dowley is made a party to the action, the plaintiff will be prejudiced because Attorney Dowley, whom plaintiff has relied upon for many years, will be disqualified from representing it during trial. Although the plaintiff has already hired another attorney pending this motion for joinder, the plaintiff will still incur increased litigation expense because the plaintiff's new attorney will likely require more trial prepa-

ration time. Furthermore, the defendant has had ample time to conduct discovery on Attorney Dowley's involvement in the matter but has offered no compelling substantiation of its claims against him.

Therefore, the motion will be denied as to all three individuals.

## CONCLUSION

For the foregoing reasons, the Court DENIES the defendant's motion to join additional parties [doc. # 41].

SO ORDERED.